Lachner vs. Salomon et al.

FRANCIS LACHNER *vs.* ERNEST SALOMON and CHARLES T. CONRAD, Appellants.

APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Heard July 12.]                              [Decided July 19, 1859.

*Agent and Principal—Evidence—Instruction—Exception—Ratification.*

Where an agent sold the wood of his principal upon an agreement that it was to be applied in part to the payment of his own debt, and this agreement was set up as a defense to an action by the principal, and on the trial the case was treated by the court and counsel as depending on the authority of the agent to make that agreement; and the court instructed the jury that as there was no evidence of any express authority, they could only find an implied one from previous transactions of a similar character, sanctioned by the principal : held that such instruction was not erroneous for omitting to state that a subsequent ratification by the principal would have been equally binding. The judge was speaking of an actual authority, and as applicable to that the instruction was correct. If the defendant desired further instruction upon the effect of a subsequent ratification, he should have asked it, so as to call the attention of the judge to the precise point.

Vol. IX.                              9

If a party would rely upon an exception, that the judge omits to instruct the jury upon a given point, he must first ask the judge to give the specific instruction desired, and then, if it be refused, he can except for that reason.

This was an action in the circuit court of Milwaukee county to recover the value of 129 cords of wood delivered to the defendants, and which the defendants had sold for the plaintiff, who claimed $139 36 as the balance due. The answer of the defendants denied the complaint, and insisted, by way of defense, that the wood in the complaint mentioned was sold by the defendants as the agents of one Francis Bergenthal, and not as the agents of the plaintiff; that the defendants have accounted to Bergenthal for the wood, and that the defendants are informed and believe the wood was the wood of Bergenthal and not of the plaintiff, who had sold the same to Bergenthal prior to its being delivered to the defendants as the agents of Bergenthal.

Considerable evidence was given on the trial, which is stated by the court in the opinion.

The circuit judge charged the jury that—" The principal question for you to determine in this case is the question of agency; that is, whether the witness, Kemper, had authority to sell the wood in question, and to apply the proceeds in payment of his own debts. These questions of agency have given rise to a great deal of litigation, and the reports of cases involving such questions are very numerous; but the principles governing questions of this kind are now, by repeated adjudications, well settled, so that I shall be able to give you very explicit instructions concerning the law of agency. Something has been said in the argument of counsel concerning *general* and *special* agents. This distinction exists; a general agent is one who has authority to transact all the business of his principal in a given line or on a given subject; a special agent is one who is only authorized to perform particular acts; but it is equally true of a special as of a general agent, that such acts only will bind the principal as are within the scope of his authority. In this case it has been proved to you that the witness, Kemper, was the general agent of the plaintiff in receiving wood at Pierceville and selling it afterwards; also that he had to get the wood cut, to superintend the hauling and to buy the provisions necessary to carry on that business. Now this would not authorize Kemper to sell the wood of the plaintiff to pay his own debts.

Lachner vs. Salomon et al.

It is incumbent on the defendants to prove that Kemper had the authority from the plaintiff to sell his wood for the discharge of his own debts; if they have not proved such an authority their defense must fail. Such authority may be either expressed or implied. An implied authority can be proved only by showing that the agent did acts of the same or a similar kind before, by or with the consent of the principal, or with his knowledge and without his dissent. An express authority has not been shown in this case. The only question for you then will be, have the defendants proved to you any prior acts of a similar kind done by Kemper for the plaintiff by or with his consent or with his knowledge and without his dissent. The authority of an agent to apply the property of his principal to the discharge of his own debts is not to be presumed, it must be proved. If Kemper had at different times before sold the plaintiff's wood to pay his own debts with the consent of the plaintiff, or with the knowledge of the plaintiff and without his dissent, that would raise an implied authority for Kemper to have done so in this case. But if the evidence does not show such prior acts of Kemper, from which an implied authority would result, the defense must fail. It has been said that the plaintiff owed Kemper at that time for salary $130, and that therefore he had the authority to make this contract with Bergenthal or the defendants, but that does not follow. The same test is to be applied there to find an authority from the plaintiff to Kemper so to pay himself. And as an express authority has not been proved, the question there again will be: have the defendants proved prior acts of Kemper done with the consent of the plaintiff, by which he paid his salary in such a manner? If the defendants have failed to prove either an express or implied authority from the plaintiff to Kemper, in the manner I have pointed out to you, to apply the plaintiff's wood in payment of his, Kemper's debt, then you must find for the plaintiff."

To which charge of the judge and each and every part thereof, and particularly those parts relating to the question of agency, the counsel for defendants excepted.

The defendants' counsel requested the judge to charge the jury "that if the jury found that the arrangement between Kemper, Bergenthal and defendants, was as testified by defendants' witnesses, then, as between those parties to the arrangement, it was binding, and Kemper could not subsequently

.engraft new conditions upon that arrangement;" and further, "that the jury might find an authority from the plaintiff to Kemper to make the contract with Bergenthal and defendants from all the facts and circumstances in the case."

The judge charged the jury as follows: " I am requested by defendants' counsel to charge you that if you find that the arrangement between Kemper, Bergenthal and defendants was as testified to by defendants witnesses, then, as between those parties, the arrangement is binding, and Kemper could not subsequently engraft new conditions upon it. I do not think this charge material to the case, but as a mere matter of law I think it is correct. I do not think Kemper could have changed the agreement. I am also requested to charge you that you might find an authority from the plaintiff to Kemper to make the contract with Bergenthal and defendants, from all the facts and circumstances in the case. On the whole, I will so charge you, but they must be facts and circumstances *proved* in the case, not mere outside presumptions; and I will here again refer you to my previous charge." To which last instruction the counsel for defendants did also except.

The jury brought in a verdict for the plaintiff, assessing his damages at $130. Subsequently a motion for a new trial was made and argued on the 5th day of February, 1859, on the ground that the judge misdirected the jury in his charge, which being overruled and the defendants' counsel excepting to such ruling, judgment was rendered against the defendants for $164 35 damages and costs.

From this judgment the defendants have appealed to this court.

*Smith & Salomon*, for the appellant.

*Bade & Paine*, for the respondent.


*By the Court*, Paine, J. This action was brought to recover a balance for wood alleged to have been delivered by plaintiff to defendants, and sold by them for him. The defense was that the defendants sold the wood for one Bergenthal, to whom the plaintiff had previously sold it, and to whom they had accounted for the proceeds.

The evidence offered at the trial showed an agreement be-

Lachner vs. Salomon et al.

tween Kemper, the agent for the plaintiff, and Bergenthal, by which Kemper was to sell the latter one hundred and twenty cords of plaintiff's wood, on which Bergenthal was to pay $70, and the balance of the wood was to be sold and applied on a judgment which Bergenthal claimed to own against Kemper. There was some conflict between the plaintiff's and defendants' witnesses as to the preliminary proofs to be made of Bergenthal's owning the judgment, before the proceeds should be applied to its payment. But they all agree that the wood was to be put in defendants' hands and sold by them. The plaintiff's witnesses claiming that the application was to be made if Bergenthal produced the proper proof that he owned the judgment, while the defendants' evidence denied the existence of any such restriction. Bergenthal paid Kemper ten dollars, and sixty dollars' worth of oats which he obtained of the defendants. The wood was delivered to the defendants, and sold by them, and they credited Bergenthal with the amount on a debt which he owed them. The plaintiff in bringing the suit credited the defendants with the $70 00.

The judge instructed the jury that Kemper by virtue of his being plaintiff's agent, would not have authority to apply the proceeds of plaintiff's wood to pay his own debt; that to authorize this, he must have either an express or implied authority, and that, as there was no evidence of an express authority, they were to determine whether there was an implied authority; and that they would only be warranted in finding such, from prior transactions of a similar character, in which Lackner had permitted such contract on the part of Kemper.

The counsel for the appellants contended that the charge was erroneous, in the last particular, inasmuch as a subsequent ratification by the plaintiff would have been equivalent to an authority, and he claimed that such ratification was

shown by the plaintiff's suing for the wood and crediting the amount paid to Kemper under the arrangement.

There is no doubt that a subsequent ratification of an unauthorized act of an agent renders it valid and binding on the principal. But at the same time, it cannot be said to have created an actual authority at the time the act was done. And the judge in his general charge, was evidently speaking of an actual authority. And as applicable to that we see no error in his instructions.

If the defendants' counsel relied on a subsequent ratification, and the judge omitted to instruct the jury on that point, we think he should have asked a specific instruction; and then, if refused, an exception would be good. There can be no doubt that if such instruction had been asked in this case, the judge would have given it. And it would be very unsafe practice to reverse judgments for improper instructions given, or proper ones omitted, by the judge below, where there was no exception or request calling his attention to the point. The current of modern decisions has been rather in favor of greater strictness, than of any relaxation of the rule which requires a party seeking to avail himself of an error either of commission or omission, to have first called the attention of the judge to the precise point by an exception or instruction asked. We think the rule salutary, and that it is applicable to this case.

The judgment is affirmed.