## KNOX VS. WEBSTER, Sheriff &c.

Under the statute of this state (R. S., ch. 134, sec. 18), a judgment creditor has no lien upon personal property of the debtor until it is seized on execution.

The lien created by such seizure is confined to the execution levied; and it is prior and superior to that of every execution subsequently levied, and cannot be defeated by such subsequent levy, even though made upon a senior execution.

It is the duty of a sheriff to levy first that one of several executions against the property of the same debtor, which was first placed in his hands. And it will make no difference in this rule, that the junior execution creditor has been more successful than the sheriff in discovering property of the debtor subject to sale on execution.

Where an instruction or a conclusion of law is in general correct, but subject, perhaps, to modification in some particular not materially affecting its general correctness, the exception should be particular, so as to call the attention of the court to the precise point of objection.

APPEAL from the Circuit Court for *Milwaukee* County.

This action was brought to recover from the defendant as sheriff of said county, damages for his failing to levy an execution in his hands issued on a judgment in favor of the plaintiff *Knox*, against one Allmeyer, until he had levied upon the property of said Allmeyer another execution alleged to have been placed in his hands subsequently to that in favor of the plaintiff. The plaintiff's judgment against Allmeyer was recovered January 9, 1863, and docketed on the 19th of the same month, and execution thereon for $288.70 issued on the 27th, and placed in the sheriff's hands on the 28th, of April following. On the 5th of May following, one Cooper obtained a judgment against Allmeyer, on which execution was subsequently issued for $240.55. At the time plaintiff's execution was issued and placed in the sheriff's hands, Allmeyer was the owner of certain property described in the complaint, and plaintiff stated to the deputy sheriff to whom the execution was delivered, that Allmeyer was the owner of said property, and gave him certain directions as to where he would find it, but said deputy failed, on two successive trials, to find the property. On the 6th of May, 1863, Cooper, the junior judgment creditor, took said deputy to the place where

the property was, and pointed it out to him, claiming that his execution should be first levied on it by reason of his superior diligence in finding it; and thereupon the deputy levied the execution in Cooper's favor on said property, although the plaintiff's execution was still in his hands wholly unsatisfied. The sheriff afterwards advertised the property to be sold on both executions, and sold the same for $200, and, after retaining his fees &c., paid over the balance to Cooper on his execution, and returned the plaintiff's execution wholly unsatisfied. After the delivery of plaintiff's execution to defendant, Allmeyer had no property out of which the same could be made, except that above mentioned, the value of which, at the time of the levy and sale, was $200.

After the plaintiff had offered at the trial evidence tending to prove the above facts, the defendant offered in evidence, among other things, the record and proceedings in the case of *Knox v. Allmeyer*, the same having been set up in his answer as a defense. This record showed that the plaintiff, *Knox*, upon affidavit showing substantially the above facts, had moved the court in that cause to direct the defendant, as sheriff, to pay over to him, instead of Cooper, the amount for which said property of Allmeyer was sold at said execution sale, and that the motion had been denied. The plaintiff objected to the evidence as immaterial, and the objection was sustained.

The circuit court, in this case, found, as conclusions of law, that the defendant, by omitting to levy the plaintiff's execution on said property, until after he had levied that of Cooper, was guilty of neglect of official duty, and was "bound to compensate the plaintiff for the damages he had thereby sustained;" and that the plaintiff had sustained damages thereby in the sum of $200 (the value of the property), and interest thereon from the day of said sale.

The defendant excepted generally to both these conclusions of law. Judgment in accordance with the finding; from which the defendant appealed.

*Butler & Cottrill,* for appellant :

The evidence offered and rejected showed that while both executions, and the moneys realized, were in the sheriff's hands, the plaintiff in this suit made application to the court out of which the execution issued, and whose officer the sheriff was, on notice both to the sheriff and to Cooper, for an order that the moneys be paid to him, and that after appearance on such application by all the parties interested, the court ordered the money to be paid to Cooper. The application for the order was proper, and the decision thereon concludes the plaintiff in this case. Having voluntarily taken the proceeding, he is bound by the order made. If aggrieved by the order, he should have appealed from that; and could not afterwards maintain an independent action against the sheriff. *Lambert v. Paulding,* 18 Johns., 311; *B'k of Auburn v. Throop,* id., 505; *Ward v. Storey,* id., 120 ; *Knower v. Barnard,* 5 Hill, 377; *Kimball v. Munger,* 2 id., 364; *Campbell v. Ruger,* 1 Cow., 215; *Marsh v. Lawrence,* id., 461. This practice is, we think, impliedly sanctioned in *Russell v. Lawton,* 14 Wis., 202. A motion once made and denied, which the court is authorized to entertain, and which involves the merits of the subject matter, is a bar upon the party who makes it. *Hill v. Hoover,* 9 Wis., 15 ; *Pierce v. Kneeland,* id., 23 ; *Corwith v. State Bank,* 11 id., 430. 2. In New York, by statute, goods are bound from the time the execution is delivered, and hence no question of diligence, except in delivering the execution, can arise there. Yet it is well settled in that state that a prior execution may become dormant, and that it will be postponed to a junior one, when the prior execution creditor is guilty of negligence in not proceeding with his execution. *Knower v. Barnard, supra ;* and *Kimball v. Munger, supra ; Russell v. Gibbs,* 5 Cowen, 390. We cannot see that there should be less favor extended to the creditor who finds the property itself, than the creditor who is given priority, not from any act of his, but from the mere default of the prior creditor. An attachment binds goods only from

the moment they are seized, as by our statute property taken in execution is bound only from the time it is levied upon. In attachment cases there is frequently a race between different creditors, and we understand the rule in such cases is always to give the diligent creditor priority over him that is slothful. Drake on Attachment, secs. 261, 263 ; *Gates v. Bushnell,* 9 Conn., 530. 3. The court found that the value of the property was $200, and rendered judgment against us for that amount and interest. We submit that, if judgment is to pass against us, it should only be $200 less the sheriff's fees and percentage allowed by law.

*Thomas M. Knox,* in person, cited 4 Bibb, 29 ; *Tomlinson v. Rowe,* Supp. to Hill & Denio's Rep., 410, and authorities there cited ; 14 Wis., 202 ; 9 How. Pr. R. 119.

*By the Court,* DIXON, C. J. "Personal property shall be bound from the time of its seizure on execution." R. S., ch. 134, sec. 18. Before seizure there is no lien—nothing by which the rights of different execution creditors, whether senior or junior, can attach. The lien takes effect from the date of the levy and by virtue thereof, and of course is confined to the execution levied, and can have relation to no other. Such lien is prior and superior to that of every execution subsequently levied, and consequently not liable to be defeated by such subsequent levy, though made upon a senior execution. This point, if not decided, was strongly intimated in *Russell v. Lawton,* 14 Wis., 209. It follows that the court was right in rejecting the record and proceedings upon the motion to have the money made on Cooper's execution applied on that of the plaintiff. The court had no power to make such application, and was bound to deny the motion. The plaintiff having wholly mistaken his remedy, the decision upon the motion was no bar to this suit, and that was the only purpose for which the record and proceedings were offered.

As to the duty of the sheriff in making the levy, we are

satisfied he should have levied the senior execution first. The decision in *Russell v. Lawton* proceeded on this supposition in all cases where the several executions are in the hands of the same officer. The statute, sec. 15, requires the sheriff, under the sanction of his official oath, to indorse upon every execution the year, month, day and hour of the day when he received the same. No reason is perceived for this, unless it be to furnish unequivocal and satisfactory evidence upon which to determine disputed questions of priority and preference among different execution creditors of the same debtor, and to enable the sheriff to guard against mistakes. He is a public officer, of whom the law requires the strictest impartiality between those who are obliged to have his services, and this impartiality cannot be enforced except upon the rule that he must, at his peril, levy and satisfy executions according to their seniority in his hands. Once allow it to be a race of diligence between the different creditors in finding and pointing out the property of the debtor, and what a door to partiality, fraud and strife would be opened! The sheriff might neglect inquiry, or be wilfully ignorant, for the sake of favoring one or oppressing another creditor, and the whole controversy would be thrown upon the uncertain testimony of interested and suspicious witnesses. We do not doubt, therefore, that it was the intention of the legislature, as it is the course of reason, that executions should be levied according to seniority, and that the sheriff in this case was not justified in levying the junior execution first because the creditor in that execution had been more successful than himself in finding the property of the execution debtor.

The question of deducting the sheriff's fees from the value of the property as found by the court, was not made at the trial, and is not presented by the exceptions. The exception to the third conclusion of law is too general for this purpose. Where an instruction or conclusion of law is in general correct, but subject, perhaps, to modification in some particular or par-

ticulars, not materially affecting its general correctness, the exception should be particular, so as to call the attention of the court to the precise point of objection. *Pilling v. Otis*, 14 Wis., 495 ; *Lachner v. Salomon*, 9 Wis., 129.

Judgment affirmed.