NEWTON, Appellant, vs. WHITNEY and another, Respondents.

*September 24— October 14, 1890.*

*(1) Instructions to jury.  (2) Jurors: Change of opinion.*

1. Where the jury was instructed that a certain issue was the only one in the case, a party claiming that there were other issues should have called the attention of the court thereto and asked further instructions. An exception to the instructions on the ground that they did not embrace all the questions at issue is not sufficient.

2. A change of opinion by a juror on consultation with his fellows in the jury-room is not cause for setting aside the verdict; and though remarks made by jurors, immediately after the jury had retired, indicated a misunderstanding of the case at that time, it will be presumed that such misapprehension was corrected before the verdict was agreed upon.

APPEAL from the Circuit Court for *Monroe* County.

Action to recover the sum of $625 alleged to have been advanced by plaintiff's assignor, Orin I. Newton, to the defendants as partners. The facts will sufficiently appear from the opinion. The trial resulted in a verdict for the defendants, and from the judgment entered thereon the plaintiff appealed.

For the appellant there was a brief by *Bleekman, Tourtellotte & Bloomingdale,* and oral argument by *A. E. Bleekman* and *F. A. Bloomingdale.*

For the respondents there was a brief by *Morrow & Masters,* and oral argument by *J. M. Morrow.*

ORTON, J. On the 30th day of March, 1884, the appellant's assignor, Orin I. Newton, advanced to the respondents the sum of $625, to be used by them in part payment for the purchase by them of a printing press and materials for use in their business, and the respondents agreed to repay the said advancement in printing work for the said Orin I. Newton, at the rate of $15 per month, until it was all repaid, with ten per cent. interest thereon. The press

was procured, and the respondents for a time did such printing work for said Newton, but, as the appellant claims, in such unworkmanlike manner as to have been an actual damage to the said Orin I. Newton or the appellant and worthless. The appellant or his said assignor therefore rescinded and terminated said special agreement and demanded of the respondents the repayment of said advancement in money, which being refused, the appellant, the assignee of Orin I. Newton, has brought this suit for the recovery thereof.

. It will be observed that the only question of fact in this statement was whether the respondents did such printing work in such an unworkmanlike manner as to justify the appellant or his assignor in so rescinding such contract, and entitle him to recover in this action. The circuit court substantially instructed the jury that such was the main issue, and that if they found for the appellant they should deduct what had been paid by sufficient printing work before the rescission of the contract, and render their verdict for the residue of said advancement.

The answer alleged that, on the 20th day of May, 1884, the copartnership between the respondents was dissolved, and that the defendant *Barton W. Perry* assumed the performance of said agreement with the assent of the said Orin I. Newton, and that the said *Perry* continued to do said printing in a satisfactory and workmanlike manner. This matter was entirely ignored in the instructions of the court to the jury, and the appellant failed to ask any instruction on that question. The learned counsel of the appellant now claims that he had the right to rescind said agreement and demand the repayment of said advancement in money, because he had the right to the personal labor and skill in printing of both of the respondents, and particularly of the respondent *Guy Whitney*. That was a question the jury could not have considered, for the court instructed

them that the only question for them to consider was whether the respondents did such printing in a proper and workmanlike manner.

Another matter in proof, and which is not referred to in the instructions of the court as having any bearing upon the issue, was concerning the taking away of the printing-press by the said Orin I. Newton, which prevented the respondents from doing such printing work under the contract, until it was reclaimed by them in an action of replevin. The court was not asked to instruct the jury upon such matter.

This matter and the dissolution of the partnership of the respondents were probably ignored by the court in stating the issues to the jury, because of their immateriality. But whatever the reason may have been, if either party desired any further instructions, they should have been requested on the occurrence of such an omission. To except to the instructions on the ground that they did not embrace all the questions at issue is not sufficient. When the court stated to the jury that the only question was the right of the appellant to rescind the contract and sue for the money on the ground that the printing was not done in a workmanlike manner, and both parties sat silently by and allowed the case to go to the jury on that question alone, without asking further instructions or calling the attention of the court to any omission in such statement, their assent to the statement that such was the only issue ought to be implied. Exceptions would only go to the correctness of such instructions on such single issue, or as far as they went. *Corcoran v. Harran*, 55 Wis. 120; *Lachner v. Salomon*, 9 Wis. 129; *Karber v. Nellis*, 22 Wis. 215; *Weisenberg v. Appleton*, 26 Wis. 56. It would seem that the court very properly omitted any reference to these matters in the instructions, as immaterial to the real merits of the case. The testimony as to the manner in which the printing work was

done was conflicting, and the jury, in finding for the defendants, must have found that it was well and properly done under the contract. The question was one particularly within the province of the jury, on conflicting evidence, and this court would not be warranted in disturbing their verdict upon it if there was any evidence to justify it, and there appears to have been such evidence.

The learned counsel for the appellant contends that it was error for the court instead of the jury to determine what the contract was. There does not seem to have been any material difference between the parties, as witnesses, as to what the contract was, and it appears from the testimony that the reason for rescinding the contract was that the respondents did not do the printing work in a proper manner, as the court instructed the jury. The evidence claimed to have been irrelevant evidently did not prejudice the jury or affect their verdict, and the evidence claimed to have been improperly admitted was quite immaterial to the merits of the case. The instructions of the court appear to have been unexceptionable and correct. The case was very fully and ably tried on both sides, and, if any of the jury failed to have a clear perception of the real issues and the bearing of the testimony, it must have been because the case was burdened with much irrelevant and immaterial matters on both sides, tending to embarrass and confuse the case. The court very properly placed the real issues before the jury in short and very clear instructions which they could not fail to understand.

The ground of the motion for a new trial, consisting of the improper conduct of some of the jury, was clearly insufficient. The remark of the juror in the hearing of the sheriff was made by him in the jury-room, and addressed to his fellow jurymen. If it indicated that his opinion then was that the plaintiff ought to recover, the verdict, in which he soon after concurred, showed that he had changed

that opinion, as he had the right to do, and it must be assumed that he so changed his opinion for reasons satisfactory to himself. His first opinion seems to have been very hastily if not inconsiderately expressed as soon as he reached the jury-room. It would not do to hold that a change of opinion by a juror, on consultation with his fellows on any question, is misconduct or cause for setting aside the verdict and for a new trial. When that juror said, "*Newton* is entitled to a judgment," some of the jurors said: "If we give him a judgment he will have a judgment and the *press* too, and we must not do that." That remark of other jurors, or another juror, might have indicated a misunderstanding of the case at that time, but we cannot assume that he finally acted upon it, but must rather presume that it was correct, and that his verdict was based upon a correct understanding of the case. Both parties were equally at fault in importing into the case this matter of the printing press partly purchased with Newton's money. It really had nothing to do with the issue on the pleadings, and served no purpose but to confuse the jury. It is sufficient that the verdict was a proper one and warranted by the evidence. To invade the jury-room, and base a motion for a new trial on the loose and informal discussions of the jury, would be a very uncertain and dangerous practice.

There does not appear to have been any material error in the case, or any error affecting the real merits or justice of the case.

*By the Court.*— The judgment of the circuit court is affirmed.