MAHON, Respondent, vs. KENNEDY and others, Appellants.

*January 13 — January 30, 1894.*

(1) *Attachment: Sufficiency of levy.* (2) *Appeal: Mistake in computing interest: Objection not raised below.*

1. In attempting to levy an attachment the officer did not seize the property nor in any way assume possession or control of it, but merely made an oral arrangement by which the plaintiff in the attachment was to be considered receiptor for it, and there was no apparent change of possession. *Held,* that the levy was invalid as against a subsequent attachment duly levied upon the same property.

2. An objection that there was error in the computation of interest, which made the judgment too large by a few dollars, cannot be raised for the first time on appeal.

APPEAL from the Circuit Court for *Douglas* County.

This is an action against a sheriff and the sureties on his official bond for the misapplication by the sheriff of certain moneys realized by him from the sale of certain attached property. Two attachments against the property of Clark & Wardell were put in the hands of two different deputies of the sheriff, at different times, for service. One, in favor of one Fraser, was first delivered for service. The other, in favor of the plaintiff, was delivered later to a different deputy and, plaintiff claims, was levied first.

The case was tried by the court. So far as is necessary to present the question raised on this appeal, the finding is, in substance: (6) That on the 1st day of June, 1891, Alexander Fraser caused an attachment against the property of Clark & Wardell to be placed in the hands of Robert Shields, one of the sheriff's deputies, for service. (7) That Wardell, one of the defendants in the attachment, at the city of Superior, verbally turned over to the officer, on said attachment, certain personal property, with the understanding that Fraser, the plaintiff in the attachment, should

Mahon vs. Kennedy and others.

take charge of it as receiptor. This arrangement was wholly verbal. (8) That the property was then at Clark & Wardell's logging camp, sixteen miles away, in charge of one Glenn. (9) That the officer did not see the property, but Fraser sent word to Glenn that he should hold the property for him. (10) That afterwards the plaintiff had an attachment issued in his action against Clark & Wardell, and delivered to one Alexander Tourville, another of the sheriff's deputies, who levied it upon the same property; that neither the plaintiff nor the deputy knew of the previous alleged levy upon it; that the deputy took the property into his possession, and removed it to Superior; that Glenn made some remark to the deputy about his holding the property for Fraser. (14) That Fraser obtained judgment in his action, the property was sold on his execution, and the moneys derived from the sale applied to its payment. (15) That the property was worth $225. (17) That the plaintiff's claim is wholly unsatisfied, and (2, 3) exceeds the sum of $225. (12) That the sheriff knew at the time about both levies, and directed plaintiff's attachment to be treated as subordinate to Fraser's attachment. And as conclusions of law: (2) That no valid levy was made under Fraser's attachment; (3) that the plaintiff is entitled to recover from the defendants the sum of $225 and interest.

There was judgment for the plaintiff accordingly, from which the defendants appeal. There is no bill of exceptions.

For the appellants there was a brief by *Reed, Grace, Rock & Reed,* and oral argument by *Myron Reed.* They contended, *inter alia,* that the prior receipt by the sheriff of Fraser's attachment gave to Fraser a prior right of levy, and it is immaterial whether the levy of such attachment was sufficient or not. *Ohlson v. Pierce,* 55 Wis. 205, 214; *Russell v. Lawton,* 14 id. 202; *Knox v. Webster,* 18 id.

406; *Lambert v. Paulding*, 18 Johns. 311; *Bonaffee v. Fisk*, 13 Smedes & M. 682; *Rankin v. Scott*, 12 Wheat. 177; *Lemon v. Heirs of Staats*, 1 Cow. 592; *Marsh v. Lawrence*, 4 id. 461; *Payne v. Drewe*, 4 East, 523; *Sandford v. Roosa*, 12 Johns. 163; *Hotchkiss v. M' Vickar*, id. 403; *Smalcomb v. Buckingham*, Comyns, 35; *Halpin v. Hall*, 42 Wis. 176; Murfree, Sheriffs, sec. 535.

For the respondent the cause was submitted on the brief of *Franklin G. Wixson.*

NEWMAN, J.   Doubtless it was the sheriff's duty to levy Fraser's attachment at once, on its receipt by him for service.   Then Fraser's attachment would become the first lien upon the attached property, and he would be entitled to have the proceeds of the sale applied upon his claim. Attachments are to be levied as soon as possible after their receipt for service.   Like executions, they are to be levied in the order of their receipt by the sheriff for service. Drake, Attachm. § 191; *Knox v. Webster*, 18 Wis. 406.

In order to effect a levy which shall be valid against subsequently attaching creditors, the officer must seize the property of the debtor.   R. S. sec. 2736; Drake, Attachm. § 256.   He must actually reduce it to possession, so far as, under the circumstances, it can be done.   He may put it into the possession of a receiptor, but he must not leave it in the possession of the defendant.   It is not competent to deliver it to the plaintiff in the attachment, nor to make him receiptor.   Drake, Attachm. § 290.   In attempting to levy Fraser's attachment the officer did not seize the property, nor go near it, nor see it, nor in any way assume possession or control of it.   He made a verbal arrangement by which Fraser was to be considered receiptor for it; and Fraser sent word to the defendants' hired man, Glenn, in whose custody at the defendants' logging camp the property then was, to take care of it for him.   It does not appear that

Glenn consented to take charge of it for Fraser. At all events, there was no apparent change of possession. While this may have been a good levy as against the attachment debtors, on the ground of their consent to it, it was invalid as against subsequently attaching creditors. It was, at most, a mere nominal levy of the attachment. Drake, Attachm. §§ 255, 256, 290, 292*a*, 292*b; Bell v. Shafer*, 58 Wis. 223.

Fraser's attachment, then, was no obstacle to the levy of the plaintiff's attachment. It was no lien upon the property; for neither the issue of an attachment nor its delivery to an officer for service confers upon the plaintiff any right in or lien upon the defendant's property. Only a levy can do that, and the effect of a levy is to be dated from the time of the seizure. Drake, Attachm. §§ 221, 255, 263. Nor would it be an obstacle, even if Glenn informed the officer of what had been done under Fraser's attachment. Id. § 292*b*.

The plaintiff's attachment seems to have been duly levied. The officer actually seized the property and removed it. That was a sufficient levy. It was the first levy upon the property. The first levy obtains the first right of satisfaction. A subsequent levy under a senior attachment could not supersede that right. Drake, Attachm. § 255; *Knox v. Webster*, 18 Wis. 406.

The sheriff and his deputies are not regarded as, for all purposes, one officer; and the sheriff is not, in all circumstances, chargeable with notice of what his deputies do about the service of process. *Russell v. Lawton*, 14 Wis. 202; *Knox v. Webster*, 18 Wis. 406. In this case the sheriff did know what his deputies had done in regard to the levy of these attachments before he applied the proceeds of the sale of the attached property on Fraser's claim. (Twelfth finding of fact.)

There was a small error in the computation of interest,

which makes the judgment too large by $7.85. It does not appear that this error was called to the notice of the trial court. The question cannot be raised for the first time in this court. *Morris v. Peck*, 73 Wis. 482.

*By the Court.*— The judgment of the circuit court is affirmed.