Treat, C. J. The only question in this case, relates to the validity of a deed made by a husband and wife, for the purpose of conveying the real estate of the latter. A married woman can only be divested of her real estate in the mode prescribed by statute. The certificate of acknowledgment, is an essential part of the due execution of a deed, by which the real estate of a feme covert is to be transferred \ and unless it is in substantial compliance with the statute, no title passes. Mariner v. Saunders, 5 Gilman, 113; Hughes v. Lane, 11 Illinois, 123. The only objection taken to the deed in question, is, that the certificate of acknowledgment is not properly authenticated. The conclusion of the certificate is as follows: “ In witness whereof, I have hereunto set my hand and private seal, at Grafton, Jersey county, this 17th May, A. D. 1842, —no public seal having been furnished. [seal.] Pajbis Mason, Notary Public. The seal was a mere scrawl. The statute in force when this certificate was made, provides that deeds may be proved or acknowledged before “ any clerk of a Court of record, mayor of a city, or notary public; but when such proof or acknowledgment is made before a clerk, mayor, or notary public, it shall be certified by such officer, under his seal of office.” Bev. Laws of 1833, p. 138. In our opinion, the certificate of the notary is fatally defective. The statute imperatively requires it to be under his official seal. It makes the affixing of the official seal an indispensable part of the certificate. Without the seal, the certificate is incomplete and imperfect. It has no validity or efficacy, unless the seal is added. It might as well be insisted, that a writ of error issued from this Court, which was not under the seal of the Court, would he valid, as to say that a certificate of acknowledgment by a notary, need not be evidenced by his notarial seal. The same authority that requires the process to be under the seal of the Court, directs the certificate to be under the official seal of the notary. The Courts have no more power to dispense with the requirements of the statute, in the one case, than in the other. It is only by force of the statute, that the certificate of a notary has any effect,, as evidence of the execution of a deed; and the statute requires it to be under the official seal of the officer. A certificate, which is not verified by his seal of office, derives no force or efficacy from the statute. We cannot say, that the seal is a mere formality, that adds nothing to the dignity or solemnity of the instrument. It is enough, that the law positively requires it. The propriety of the requisition rests with the legislature. A notary is empowered to take the acknowledgment of a deed, and certify the same under his official seal. He has no power to •do it in any other manner. If he has no notarial seal, with which to authenticate his official acts, he is destitute of any authority to certify the acknowledgment of a deed. He must procure au official seal, before the authority conferred on him to take the acknowledgment of deeds attaches. He cannot make use of a scrawl or private seal, for the purpose of authenticating a certificate of acknowledgment. The provision of law allowing certain officers to use their private seals, until they should be provided with public seals, had no application to a notary. He has to provide himself with an official seal. It is not furnished him by the public. The statute is silent as to the form and character of the seal. He may adopt a seal, with such an inscription as his judgment may dictate, or his fancy may suggest. It must, however, be capable of making a definite and uniform impression on the paper on which a certificate is written, or on some tenacious substance attached thereto, so that when a question arises as to the genuineness of an authentication, it may be determined by reference to the seal in the possession of the officer. The judgment of the Circuit Court is affirmed, with costs. Judgment affirmed.