AUGUSTUS O. GARRETT *et al.,* Plaintiffs in Error, *v.* WILLIAM S. Moss *et al.,* Defendants in Error.

### ERROR TO PEORIA.

The opinion in this case, reported in 20th Ill. R., p. 549, approved.

A bill of review only authorizes the court to decide from a recitation of facts, that the law was misapplied to them. The sufficiency of the evidence to establish the facts as found, cannot be questioned. An improper determination of law may be examined into.

A certificate of acknowledgment to pass the title of the land of a married woman, should state, that she was made acquainted with the contents of the deed, or that she was examined separate and apart from her husband, and that she acknowledged it freely, etc., without compulsion, etc.

THIS was a petition for a re-hearing of the case reported in 20th Illinois R., page 549.

The petition states, that the court in the former decision, did not refer to the interest of Mary G. Garrett, one of the plaintiffs in error, and wife of Augustus O. Garrett, in said premises.

MANNING & MERRIMAN, for Plaintiffs in Error.

N. H. PURPLE, and C. BECKWITH, for Defendants in Error.

WALKER, J. We have on the re-hearing of this case, fully reviewed the whole of the grounds presented by both parties, and fully considered the authorities relied upon, and after giving the matter our best reflections, feel compelled to adhere to the conclusions arrived at, on each of the questions discussed in the opinion heretofore filed. We do not at this time feel inclined, nor do we deem it necessary, to further discuss them. But as we omitted in that opinion to discuss other questions which are raised by the record, and which have been relied upon, and urged with much earnestness, it is proper that we should at this time, notice a portion of them.

In the first place, a proper examination of the questions which we shall now discuss, renders it necessary that we should consider the nature and object of the bill filed in this case. The whole

frame of this bill indicates its object to have been to impeach the sale of the mortgaged property, under the decrees of foreclosure, upon the grounds of fraud and irregularity in conducting the sale, and to have it resold. It is urged, in addition to those grounds, that the court should go back of the sale, and determine whether the decrees of the Circuit Court were not erroneous, and vacate them, and dismiss the bills filed to foreclose the mortgages, or at least, to grant a re-hearing in those cases. And the reasons for so doing, are that the mortgages were not so acknowledged by Mrs. Garrett, as to subject her interest to sale, on a foreclosure of the mortgages. It might be sufficient to determine this question, to refer to the fact that the bill is not framed with a view to a re-hearing of those causes. Nor is such relief prayed, nor does the bill aver the fact, that the mortgages were insufficiently acknowledged or certified, to pass her title. But treating it as a bill of review, it will then become necessary to determine whether under the bill, if properly framed, upon this whole record, such relief can be granted.

The certificate of acknowledgment, attached to the mortgage to Pettingill and Bartlett, is, in all its material parts, the same as the certificate, which was held sufficient by this court, in the case of *Hughes et al.* v. *Lane*, 11 Ill. R. 123. That was a conveyance by husband and wife, of property, a portion of which was held by each of them ; one lot belonged to the husband, and the other to the wife. The court held, that as the deed purported to convey lands, in a portion of which the wife had a right to dower, and a portion that she held in her own right, that the form of the certificate adopted by the officer was sufficient, and passed her lands to the grantee. In this case, the bill alleges, and it is admitted by the answers, that Garrett and wife were the owners in fee of the lands mortgaged to Moss, and to Pettingill and Bartlett. If this allegation be true, and it must be so treated, she held in her own right, some portion or interest in this land in fee, and as the wife of Garrett, she held a right to dower in the remainder, which belonged in fee to her husband. These facts, then, bring this case fully within that of *Hughes et al.* v. *Lane*, and renders that case conclusive of this question. Whatever might have been our inclinations, were the question one of first impression, that decision has become a rule of property, and should remain undisturbed.

The certificate of acknowledgment attached to the mortgage given to Moss, however, is of a different character. It fails to state that the officer acquainted her with, and explained to her its contents, or that he examined her separate and apart from her husband, or that she acknowledged that she executed it voluntarily and freely, and without the compulsion of her hus-

band. Each of these things are essential prerequisites, to pass the title of a married woman's land, and cannot be omitted. The statute requires them, and until they are performed, the deed, as to a *feme covert*, is inoperative and void. It is by the authority of the statute alone, that she can convey her real estate, and a compliance with it is essential to give to it vitality. And this acknowledgment is substantially defective, and as to Mrs. Garrett's interest, it was inoperative.

This, then, being the case, can advantage be taken of the defect on a bill of review, or were the parties compelled to resort to a direct proceeding to reverse the decree of foreclosure of the mortgage? It has been held by this court, that a bill of review will lie in the same court which pronounced the decree, either for error in law apparent on the face of the decree, as applied to the facts found by the court, and stated in the decree, or for newly discovered evidence. *Griggs* v. *Gear*, 3 Gilm. R. 10. " It is a general and well settled rule, that upon a bill of review for errors of law, the court will not reconsider the evidence, but will only inquire whether the law was improperly adjudged upon the facts which the record shows were found by the court, on the former hearing. It is to those facts thus found and established, to which the law is to be applied upon a bill of review for errors of law. Upon such a bill, questions of fact are not open to discussion. To adjudicate properly upon facts, as found, of course the pleadings are to be considered, but for no other purpose." *Evans* v. *Clement*, 14 Ill. R. 209. And in this case the court again say, " In the case before us, the facts which the court found to be established by the evidence, and upon which the decree was entered, are nowhere stated in the record, so that, being uninformed upon what state of facts the decree was made, we have no means of determining that the court erred in applying the law to those facts. It is true, the decree recites the evidence in the case at large, but not the deductions of the court from that evidence, and in making up the original decree, the law was applied, not to that evidence, but to the facts which the court found established by that evidence. In order to sustain a bill of review, it was necessary for the court to examine and determine two questions, one of fact, and the other of law, while the latter alone was before it."

This court again held, in the case of *Turner* v. *Berry*, 3 Gilm. R. 554, that, " Upon a bill of review, the sufficiency of the evidence to establish the facts as found, cannot be controverted. It is not of a misjudging of the facts that a party can complain, but of an improper determination of the law."

Then, tested by this rule, it will be perceived that the decrees in the foreclosure of these mortgages, recite no facts from which

we can determine that there was a misapplication of the law to the facts found by the court rendering those decrees. They find that most of the defendants had been duly served with process, and the others had entered their appearance, and that they had failed to answer, and that the bills had been taken as confessed against them on default, and finds the amount due upon the mortgages. The decree then orders the payment of the money, and in case of a default of payment, that the mortgaged premises should be sold, to satisfy the amounts thus found. No misapplication of the law is perceived to these facts. For aught that appears from the decree, the court may have, upon an abundance of evidence, found that Mrs. Garrett had an interest less than a fee in the premises, and such as did not even require her to join in the deed; but if that were not so, the defect in the acknowledgment, does not appear from the record to have been found as a fact by the court in the case, and if it does appear, it is from the evidence in the case, and not from the facts found by the court. The mortgage and certificate were only the evidence, from which the court could find facts, upon which the law was applied. The court, on a bill of review, as we have seen from the cases referred to, could not have considered the evidence on the former hearing, and reverse or modify the decree of the court rendered in the original case. That could only be done, if erroneous, on appeal or error in the appellate tribunal.

It is not insisted that this proceeding can be maintained upon the grounds of newly discovered evidence, nor is the bill framed with that view. We do not deem it necessary to discuss some other of the many questions presented, as the view we have taken of the case is necessarily conclusive of this proceeding.

The decree of the court below must be affirmed.

*Decree affirmed.*

C. J. Caton took no part in the decision of this case.