SAMUEL LINDLEY

*v.*

HANNAH SMITH.

46   523
142   527

1. ACKNOWLEDGMENT OF DEEDS—*by a feme covert—what is sufficient to pass her title*. A certificate of acknowledgment stated that the husband was personally known to the officer, and that his wife appeared and acknowledged the deed, but omitted to state that *she* was personally known to the officer: *Held*, that such acknowledgment was insufficient to pass the wife's title to the land thereby sought to be conveyed.

2. SAME—*wife's identity*. A certificate of acknowledgment must show that the wife was known to the officer to be the person who signed the deed.

3 FORMER DECISIONS. The case of *Gove* v. *Cather*, 23 Ill., 634, cited as in support of this rule.

4. DEEDS—*by a feme covert—statute must be complied with.* The rule is inflexible, that a *feme covert* can only convey her real estate by a strict compliance with the statute providing for such alienations.

5. FORMER DECISIONS. The cases of *Mariner* v. *Saunders*, 5 Gilm., 125 ; *Russell* v. *Ramsay*, 35 Ill., 370 ; *Hughes* v. *Lane*, 11 ib., 128 ; *Lane* v. *Soulard*, 15 ib., 123 ; *Mason* v. *Brock*, 12 ib., 273 ; *Garrett* v. *Moss*. 22 ib., 363, cited in support of this doctrine.

6. ACKNOWLEDGMENT OF DEEDS—*identity.* A certificate of acknowledgment must show that the grantor was personally known to the officer before whom it was taken, otherwise, it is fatally defective, and the deed inadmissible in evidence.

7. SAME—*rule not affected by the act of* 1853. And default is not cured by the act of 1853, commonly called the confirmatory act.

8. SAME—*defect in, cannot be cured by parol evidence.* Nor is it competent to correct such defective certificate of acknowledgment, by the parol evidence of the officer making it.

9. LIMITATION OF ACTIONS—*seven years limitation act—when does not apply to a feme covert.* The seven years limitation act of 1839, does not apply to titles held by *femes covert*, provided, they commence an action for the recovery of the premises, within three years after the disability shall cease to exist.

APPEAL from the Circuit Court of Clark county ; the Hon. HIRAM B. DECIUS, Judge, presiding.

The opinion states the case.

Mr. O. B. FICKLIN, for the appellant.

Mr. JOHN SCHOLFIELD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court :

This was an action of ejectment, brought by Hannah Smith, in the Circuit Court of Clark county, against Samuel Lindley, to recover certain tracts of land. To the declaration, the plea of the general issue was filed and issue joined. By agreement of the parties, the cause was submitted to, and tried by, the court, without the intervention of a jury. After hearing

the evidence, the court found for the appellee, and that she recover an undivided half of the premises. A motion for a new trial was entered, which was overruled by the court, and a judgment rendered in favor of plaintiff below.

It is agreed, that appellee (late Hannah Hollenbeck) was seized in fee in her own right, as one of the two, and only, heirs of Lawrence Hollenbeck, deceased, who died about the year 1851, of an undivided half of the lands described in plaintiff's declaration, and that she continued so seized until the 14th day of January, 1859, when she, with her husband, Joseph Hollenbeck, with whom she had previously inter-married, by deed with covenants of general warranty, conveyed the lands, for the consideration of five hundred dollars, to Thomas J. Sturr and Charles M. Taylor, subject to a deed of trust, to Nelson Hoddy, for $950. The deed was acknowledged before William C. Whitlock, a justice of the peace, to which he attached his certificate.

This is the certificate :

" STATE OF ILLINOIS, *Clark county*, ss.

I, William C. Whitlock, a justice of the peace, in and for the said county in the State aforesaid, do hereby certify that Joseph Hollenbeck, personally known to me as the same person whose name is subscribed to the foregoing warranty deed, appeared before me, this day, in person, and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act, for the uses and purposes therein set forth.

And the said Hannah M. Hollenbeck, wife of said Joseph M. Hollenbeck, having been by me examined separate and apart, and out of the hearing of her husband, and the contents and meaning of the said instrument in writing having been by me made known and fully explained to her, acknowledged that she had freely and voluntarily executed the same, without compulsion of her said husband, and that she does not wish to

retract the same. Given under my hand and seal, this four-teenth day of January, A. D., 1859.

W. C. WHITLOCK, J. P. [SEAL.]"

Appellee having established her title, and proved the death of her former husband, in 1865, appellant offered to read this deed in evidence, but it was rejected by the court, on objection by appellee. Appellant then produced Whitlock as a witness, and offered to prove by him that he, at the time of taking the acknowledgment, personally knew Hannah Hollenbeck, and that he knew at the time that she was the identical person who signed the deed, which evidence the court rejected, and refused to receive. Appellant then introduced in evidence, a deed from Sturr and wife, conveying their interest in the land, to Taylor; also a deed from Taylor to appellant for the same lands. It also appears that Sturr and Taylor entered into immediate possession of the premises, and they and their grantees have paid all the taxes legally assessed thereon, since that time.

Three questions are raised and discussed upon this record. First, was the certificate of acknowledgment to the deed from Hollenbeck and wife, sufficient to pass the wife's title to the lands? Second, was the proof offered to be made by Whit-lock, competent and admissible; and third, was the action barred by the statute of limitations of 1839?

It has been repeatedly and uniformly held by this court, that a *feme covert* can only convey her real estate by comply-ing with the statute providing for such alienations. *Mariner* v. *Sanders*, 5 Gilm. 125; *Russell* v. *Ramsey*, 35 Ill. 370; *Hughes* v. *Lane*, 11 Ill. 128; *Lane* v. *Soulard*, 15 Ill. 123; *Mason* v. *Brock*, 12 Ill. 273; *Garrett* v. *Moss*, 22 Ill. 363; *Gove* v. *Cather*, 23 Ill. 634. In the last of these cases, this objection was sustained by the court as substantial, and fatal to the acknowledgment. The court there say, that "we cannot intend anything in favor of it, or supply words that are wanting, or change the personal pronouns from male to

female.   The manifest defects in it cannot be supplied by the
court, and have not been explained by counsel.   Nor does the
certificate of acknowledgment, defective in other respects as
it is, state that the wife was known to the officer to be the
person who signed the deed.    The statutory forms must be
substantially complied with, and must control."    That case
must govern this, as the point was then deliberately determined,
and has become a rule of property, under which rights have
been acquired, and liabilities incurred.

The statute is explicit, that in order to convey property in
real estate, the grantor shall appear before a proper officer, to
whom he or she is known, or is proved by a credible witness,
to be the person who executed such deed or conveyance.  And
the officer is required to endorse or annex a certificate to the
deed, stating that such person was personally known to him,
or proved by a witness who shall be named, to be the person
who subscribed the deed.   This requirement has been held to
be one of substance, and in its absence, the deed is not admis-
sible in evidence.  *Tully* v. *Davis*, 30 Ill. 103; *Shepherd* v. *Car-
riel*, 19 Ill. 313;  *Adams* v. *Bishop*, ib. 395 ;  *Montag* v. *Linn*,
ib. 399.   In the case of *Tully* v. *Davis*, we said that where
the word known was omitted in the certificate, it was
fatally defective.   And the rule is firmly fixed, that it is the
acknowledgment of a *feme covert* which is the operative act
to pass her title.   When it is fatally defective, the deed is
regarded as inoperative.

Nor does the act of 1853, in this respect, change the law.
It was only an amendment of the statute as it had previously
existed.   And in the case of *Lyon* v. *Kain*, 36 Ill. 362, it was
held, that under this act the officer taking the acknowledg-
ment must certify that the grantor was known or proved to
be the person who is the grantor in the deed.   A deed cannot
be said to have been acknowledged until it appears that it
was the grantor himself, and not some person who may have
personated him, who was before the officer and made the

acknowledgment. This provision is wise and salutary in its operation. If no such requirement existed, forgeries would be easily perpetrated, and it would be hard, in all cases, and impossible in many, to prove the fact. Remove this safeguard, and titles to real estate would be held by a slender and brittle tenure.

We next come to the consideration of the question, whether the defect in the acknowledgment could be explained by the parol evidence of the justice who certified it? In the case of *Elliott* v. *Piersal*, 1 Pet. 328, the court held that where an acknowledgment failed to state that a *feme covert* was examined separate and apart from her husband, as to whether she had executed the deed voluntarily, the defect could not be supplied by parol. At the common law, a *feme covert* could only acknowledge that she transferred her real estate or relinquished her dower by a fine or recovery, and it was, and could only be by matter of record. The acknowledgments prescribed by statute are intended to take the place of such alienations by record, at least so far as the wife's estate or interest is concerned. And the acknowledgment cannot rest partly in writing and partly in parol.

When it is remembered, that the deeds of conveyance by married women for the transfer of their real estate or the relinquishment of their dower, do not take effect by delivery as other deeds, but only by being acknowledged in the mode prescribed by the statute, we should hesitate long to permit the officer who made the defective certificate, or some other person, to subsequently supply the defect by oral evidence. If that were permitted, it would present the anomalous case of supplying defects in a solemn written certificate which purports, and is presumed to contain all of the facts which occurred at the time, to be overthrown by the frail memory of witnesses, and this too, at any period of time, however remote. Again, if such evidence might be received to supply defects, we should, for the same reason, be compelled to permit the

officer or other person to contradict the acknowledgment by the same kind of evidence, and thus defeat a title acquired in good faith, and conforming to all the requirements of the law. This would, in effect, repeal the law requiring married women to acknowledge deeds of conveyance, and to have the certificate endorsed on the deed.

As to the third question, whether the act of 1839 presents a bar to a recovery in this case, it is a complete answer to say that appellee was a *feme covert* when the deed was executed, and the grantees of appellant entered into possession, and when a portion of the taxes were paid. She was, therefore, manifestly within the saving of the third section of that act. It declares that it shall not apply to titles held by *femes covert*, provided they shall commence an action for the recovery of such premises within three years after the disability shall cease to exist. Three years have not elapsed since her husband's death, so that the act cannot be invoked to bar a recovery. Should possession and payment of taxes concur for the period of limitation, under claim and color of title, on land claimed and held by a married woman, since the act of 1861, which enables her to sue in her own right, then a different question might be presented. But in this case, there were not seven years after the adoption of that act. We therefore deem it unnecessary to discuss the question or to express any opinion as to what would be the result.

The judgment of the court below must be affirmed.

*Judgment affirmed.*

BREESE, CH. J :—I dissent on the first point made in this opinion. It is not the same case as that of *Gove* v. *Cather.* I think the statutory form of acknowledgment has been substantially complied with, as the magistrate certified the husband was personally known to him, and his wife appeared and acknowledged the deed. And it is impossible he could certify she was the wife if he did not personally know her. The

67—46TH ILL.

former includes the latter, and makes the acknowledgment a substantial compliance with the statute, which is all that is necessary. The objection is very technical, and defeats the right.