# THE BOARD OF TRUSTEES, ETC.

## *v.*

## ELECTA S. DAVISON *et al.*

1. ACKNOWLEDGMENT OF DEED—*as to married women.* The certificate of the acknowledgment of a deed by husband and wife, the real estate being that of the wife, was, in substance, the following: That A (the wife) and B (the husband) were personally known to the officer as the real persons whose names were subscribed to the instrument; that the said A appeared before him and acknowledged the execution thereof as her free act and deed, for the uses and purposes therein mentioned; and that the said B, husband of the said A, being examined separate and apart, and

out of the hearing of his said wife, and the contents being made known and fully explained to him, acknowledged said instrument to be his free act and deed, and that he executed the same, and relinquished his dower, etc., voluntarily and freely, without the compulsion of his wife, and did not wish to retract: *Held*, that the acknowledgment was wanting in all the substantial requirements of the statute respecting the deeds of married women, and for such defects the deed was absolutely void as to the wife.

2. MISTAKE—*power of a court of equity to reform.* A court of equity will not correct mistakes in or reform the deeds of married women; but it may as to the husband who joins in the execution, and then it will affect his interest in the lands only.

3. SCHOOL FUND—*power to foreclose mortgage before the debt is due, for breach of conditions.* The school law, which provides that where the board of trustees shall require additional security for money loaned, and the same is not given, the treasurer shall bring suit to recover the principal and all interest due on the obligation, enters into and forms a part of every contract for a loan of school funds made under such law; and where such additional security is demanded, and not given, the whole debt matures, and if the debt is secured by mortgage, the same may be foreclosed in equity, the plaintiff not being confined to the remedy by an action at law.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

Mr. MARTIN L. NEWELL, for the plaintiffs in error.

Messrs. BANGS & SHAW, for the defendants in error.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was a bill in chancery, brought in the Woodford circuit court, by plaintiffs in error, against defendants, to foreclose two mortgages upon real estate. The defendants were husband and wife. The mortgages were given to secure separate loans of school funds made to defendants by the township treasurer. The first mortgage was executed Dec. 16, 1867, to secure the sum of $400, payable in four years, with interest. It was signed, sealed and acknowledged by both defendants, although the name of the husband nowhere appears in the body of the instrument. The acknowledgment was taken by

a justice of the peace, who certified that Electa S. Davison, who was personally known to him to be the real person whose name was subscribed to the foregoing instrument, appeared before him and acknowledged the execution thereof, as her free act and deed, for the purposes therein mentioned; and that said Ezra D. Davison, husband of said Electa S. Davison, personally known to him, etc., and being examined separate and apart, and out of the hearing of his said wife, and the contents being made known and fully explained to him, ac- knowledged said instrument to be his free act and deed; that he executed the same, and relinquished his dower, etc., voluntarily and freely, without the compulsion of his wife, and did not wish to retract.

The statute, authorizing loans by the township treasurer, prescribes the form of the mortgage to be given as security, and declares that such mortgages shall be acknowledged and recorded as is required by law for other conveyances of real estate. Gross' Stat. p. 702.

This acknowledgment is wanting in all the substantial requisites of the statute respecting deeds of married women, and for such defects, this deed was absolutely void as to the wife. *Lindley* v. *Smith,* 46 Ill. 523.

The other mortgage was executed July 22, 1868, by defendants, to secure the re-payment of the sum of $800, in five years, with interest, and is properly acknowledged.

The bill alleges, and seeks to correct, a mistake in the deed. A court of equity will not correct mistakes in or reform the deeds of married women. *Moulton et ux.* v. *Hurd,* 20 Ill. 137.

The bill in this case was filed before the sum secured by either mortgage was due by the efflux of time. The objection is made by defendants that although an action at law might be maintained upon the covenants, or to recover the amount loaned, still a bill to foreclose the mortgage will not lie until the debt is due by lapse of time. To construe this statute upon which these questions arise, we must refer to some of its controlling provisions. The 57th section (Gross' Stat. 701)

precribes the terms upon which loans of such public funds should be made; and, amongst other things, it is provided that for all loans of sums over $100 and for more than one year, security shall be given, by mortgage on unincumbered real estate, in value double the amount loaned, with a condition that in case additional security shall at any time be required, the same shall be given to the satisfaction of the board of trustees for the time being.

The 58th section prescribes the form of the mortgage, containing a covenant by the grantor to comply with the requirement to give additional security.

The 59th section declares that "upon the breach of any condition or stipulation contained in said mortgage, an action may be maintained and damages recovered as upon other covenants."

The 60th section declares that, "in all cases where the board of trustees shall require additional security for the payment of money loaned and such security shall not be given, the township treasurer shall cause suit to be instituted for the recovery of the same, and all interest thereon to the date of the judgment: *Provided,* that proof be made of the said requisition."

These several provisions enter into every contract of loan made under the statute, and constitute, so far as applicable, as much a part of the mortgage as if expressly incorporated into it.

When these two sections are considered together, in connection with the other provision fixing the standard of security, it is very apparent that it was the intention of the 60th section to make the original debt become due, for all the purposes of any remedy for its collection, immediately upon failure to comply with the requirement to give additional security. The authority to require such additional security is given by statute, and the covenant contained in the mortgage to comply vests the board of trustees with the discretion of determining when a case arises for the exercise of the

128   BOARD OF TRUSTEES, ETC. *v.* DAVISON *et al.* [Sept. T.,

Opinion of the Court.

power, and unless it is exercised fraudulently, or under such circumstances of abuse or oppression as amount to fraud, the propriety of the exercise can not be made a subject of inquiry in the courts. It appearing in this case that the requisition for additional security was made and not complied with, we are of opinion that a bill would lie to foreclose these mortgages. There is no evidence in the record sufficient to justify the conclusion that the power to make the requisition was fraudulently exercised or abused. The defendants' answer avers that the legal title to the property mortgaged was wholly in the wife, and that the husband had no interest except such as he had as husband of a wife holding a separate estate. If this be so, it is perfectly clear that the security was far short of what the statute contemplated. The first mortgage was so defectively acknowledged as to be inoperative in respect to the estate of the wife; and the second, as appears by the bill, needed reforming in a material particular, which it is not competent to do, so far as the wife is concerned.

Whatever obstacles there may be to relief as against the wife, we can see no reason why the first mortgage was not operative upon whatever interest the husband had in the land; and the second mortgage may be enforced against the interest of both defendants, unless there was some such mistake in the description of the land or terms of the instrument as would prevent; in which case, a proper case being made, the instrument might be reformed as respects the husband, although not as to the wife. There was no evidence upon this point. The husband, by executing the first mortgage, became bound by the covenants therein contained. The words, "and I do hereby covenant," would apply to him as well as to his wife, who is named as sole grantor.

Upon the whole case we are satisfied that the court below erred in dismissing the plaintiffs' bill altogether. The decree must, therefore, be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Decree reversed.*