## Anna Doyle Herweg, Plaintiff in Error, v. F. Meyer & Bro. Co. et al., Defendants in Error.

### Gen. No. 5541.

1. BILLS OF REVIEW—*when lie*. Bills of review will lie in the same court which pronounced the decree, either for error in law apparent on the face of the decree as applied to the facts found by the court, and stated in the decree, or for newly discovered evidence.

2. BILLS OF REVIEW—*what considered, where errors of law charged*. Upon a bill of review for errors of law, the court will not reconsider the evidence but will only inquire whether the law was improperly adjudged upon the facts which the record shows were found by the court on the former hearing.

3. HOMESTEAD—*who not entitled to*. Homestead rights cannot be asserted after the abandonment of the homestead premises.

Bill in chancery. Error to the Circuit Court of Peoria county; the Hon. L. D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912.

SHEEN & DAVID, for plaintiff in error.

COVEY, CAMPBELL & COVEY, for defendant in error, F. Meyer & Bro. Co.

MR. JUSTICE MORTON W. THOMPSON delivered the opinion of the court.

To the March term, 1908, of the Circuit Court of Peoria county, plaintiff in error filed her bill, alleging among other things, "for the purpose of reviewing and revising a decree of this honorable court heretofore entered in a certain foreclosure suit in this court on the 22nd day of September, 1905, wherein F. Meyer and Brother Company were complainants, and your petitioner and others were defendants, wherein by said decree the homestead of your petitioner was sold and by error of law in said decree, the value, to wit: $1000.00 of the proceeds of the sale of said homestead

was decreed to be paid to the said complainant in said cause."

Complainant further alleges that at the time of filing said bill to foreclose she was in possession of said property, but has since vacated the same in accordance with said decree; that she is divorced from her husband on account of his fault; "that she is advised that the said decree is erroneous and ought to be reviewed and reversed and set aside so far as it directs the value of her homestead so sold to be paid to the said F. Meyer and Brother Company."

A demurrer was sustained to said bill, and it was dismissed for want of equity, and complainant brings the cause to this court and assigns errors.

April 26, 1904, George C. Herweg and plaintiff in error, his wife, being indebted to the Home Savings and State Bank executed their note and mortgage upon lot fourteen in La Salle place, Peoria, Illinois, waiving their homestead and dower rights therein.

Afterwards the said George C. Herweg alone executed a second mortgage on said property to defendant in error F. Meyer and Brother Company. Home Savings and State Bank filed its bill to foreclose its mortgage, making plaintiff and defendants in error and other creditors defendants, and obtained a decree. Plaintiff in error did not answer said bill and was defaulted. On May 3, 1906, said lot was sold to said bank for $2,041.27, the amount due it with interest and costs. May 15, 1906, F. Meyer and Brother Company paid the master the amount due said bank and received a certificate of redemption.

'. Afterwards defendant in error, F. Meyer and Brother Company, filed its bill in the Circuit Court of Peoria county to foreclose its mortgage, making George C. Herweg, plaintiff in error, and others defendants to said bill. Plaintiff in error not answering said bill, she was defaulted, and the court referred the cause to the master who took the evidence and reported it with his conclusions of law.

The decree finds that all the material allegations in said bill of complaint are proved; that the equities are with the complainant; and specially all the facts as alleged in said bill.

Plaintiff in error contends that as she did not sign said second mortgage, she is therefore entitled to her homestead rights therein, as to the proceeds of said second sale, over the amount due on the first mortgage.

Bills of review will lie in the same court which pronounced the decree, either for error in law apparent on the face of the decree as applied to the facts found by the court, and stated in the decree, or for newly discovered evidence. It is a general and well settled rule that upon a bill of review for errors of law, the court will not reconsider the evidence, but will only inquire whether the law was improperly adjudged upon the facts which the record shows were found by the court on the former hearing. It is to those facts thus found and established to which the law is to be applied upon a bill of review for errors of law. Upon such a bill, questions of fact are not open to discussion. To adjudicate properly upon facts as found, of course the pleadings are to be considered, but for no other purpose. Garrett v. Moss, 22 Ill. 363.

The bill in this case alleges that plaintiff in error was entitled to homestead in the premises, that she has been divorced from her husband for his fault, etc., but there is no finding of such facts in the decree sought to be reviewed, and no allegations of such facts in the record, from which such facts should have been found by the decree. Plaintiff in error insists that such findings are in the decree. That when it finds that "George Herweg released all dower and homestead in said premises," it is inferentially a finding that his wife did not. That when it finds that "Complainant has become subrogated to all the rights of the Home Savings and State Bank under its mortgage given by the said George C. Herweg and Anna Doyle

Herweg, his wife," this shows that she was the wife of George C. Herweg. This may be true, but it falls far short of finding the plaintiff in error was entitled to homestead in said premises at the date of the decree sought to be reviewed. She may have abandoned her homestead before that time.

Had the court erred in its findings, the remedy of plaintiff in error was by appeal or writ of error to correct the findings of the chancellor. This cannot be done by bill of review, and the action of the trial court in sustaining the demurrer and dismissing the bill of review was correct.

*Judgment affirmed.*