ELMER, Respondent, vs. MITCHELL and others, Appellants.

*December 3, 1889 — January 7, 1890.*

*Vacating judgment by default: Discretion.*

An order denying a motion to vacate a judgment by default and to allow the defendants to answer, will not be disturbed unless there was a manifest abuse of discretion in the trial court in making it.

APPEALS from the Circuit Court for *Langlade* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that February 18, 1882, the defendants, under the firm name of *H. Mitchell & Sons,* purchased of the plaintiff a turbine water-wheel for their mill, for the sum of $276, and thereupon put the same in their mill, and have used it ever since; that July 13, 1887, the plaintiff commenced this action against the defendants

to recover the balance due on such purchase, and on that day the summons was personally served upon *Henry Mitchell, Sr.*, and *James Mitchell*, who appeared in the action by attorneys generally, July 20, 1887, and demanded a copy of the complaint; that July 25, 1887, the summons was also personally served on the defendant *Henry Mitchell, Jr.;* that August 8, 1887, the complaint was personally served on the defendants' attorneys, who had thus appeared; that the plaintiff's attorneys granted to the defendants' attorneys, on one or more occasions, an extension of time to answer, but finally refused to grant any further time, and informed the defendants' attorneys that they would take judgment by default if no answer was filed promptly when the time of such extension should expire; that October 11, 1887, the defendants being in default, judgment was entered in favor of the plaintiff, before the clerk, in vacation, for $385, and costs taxed at $30; that December 23, 1887, the defendants separately obtained an order to show cause why such said judgment should not be vacated and they be separately allowed to answer, said order being based upon such proposed answer of each, and affidavits; that upon the hearing of that motion, February 8, 1888, the same was denied, with costs, and without leave to renew said motion; that March 10, 1888, execution was issued upon the judgment, and real estate levied upon, and the sale thereof advertised to be made April 28, 1888; that April 18, 1888, the defendants obtained an order to show cause why the order so entered February 8, 1888, denying said motion to open said judgment, should not be vacated, and the defendants have leave to renew their motion to open and vacate said judgment; that upon the hearing of that motion, May 7, 1888, the same was denied, with costs; that May 12, 1888, the defendants appealed from said judgment, and also separately appealed from the order of May 7, 1888; that December 27, 1888, the defendants served

notice on the plaintiff's attorneys of withdrawal or dismissal of the appeal from said judgment, and on the same day served notice of appeal from the order of May 7, 1888, and also from the order of February 8, 1888.

For the appellants there was a brief by *Lynch & Latta,* of counsel, and oral argument by *Thomas Lynch.*

For the respondent there was a brief by *Pierce & Moeskes,* and oral argument by *Humphrey Pierce.*

CASSODAY, J.   The defendants having served notice on the plaintiff's attorneys, December 27, 1888, that they thereby withdrew and dismissed their appeal from the judgment, subject to the payment of costs, if any, that appeal is hereby dismissed accordingly.

A careful examination of the record convinces us that there was no abuse of discretion on the part of the trial court in refusing to set aside the judgment and allow the defendants severally to answer.   The proposed answers were to the effect that the purchase of the water-wheel was by *Henry Mitchell, Sr.,* alone; that neither *Henry, Jr.,* nor *James* was at the time of the purchase a partner of his father; that the water-wheel did not work well, without stating specifically wherein the alleged defect consisted. The only excuse given by any of the defendants for not answering was the sickness of the old gentleman from the time of the commencement of the action to December 1, 1887.   The affidavits, however, left the matter of his inability to answer by reason of sickness very unsatisfactory, and gave no excuse for the other defendants.   But it is of no benefit to any one to discuss the facts.   The rule is well settled that this court will not disturb such an order unless there has been a manifest abuse of discretion in the trial court in making it.   We find no evidence of such abuse in the record.   The order of February 8, 1888, is affirmed.

Since that order was made without leave to renew the

same, or without prejudice to such renewal, it is conceded by the learned counsel for the defendants that there was no ground for the renewal of such motion in April, 1888, and accordingly that such motion was properly denied May 7, 1888, and that the appeal from that order should be, and is hereby, dismissed.

*By the Court.*— Ordered accordingly.