Voelz and wife, Respondents, vs. Voelz, imp., Appellant.

*October 24 — November 17, 1891.*

*Service by publication: Mistake in date of order.*

An order for service of the summons by publication, if made before the filing of the complaint, is a nullity. But though dated as of a day prior to that on which the complaint was filed, it may be shown that the order was not in fact made until after such filing.

APPEAL from the Circuit Court for *Waukesha* County.

Some time prior to September 20, 1890, William Voelz died intestate, seised of 165 acres of land in Waukesha county, leaving a widow, Caroline, and six sons, parties to this action, to wit, the plaintiff *Herman,* and the defendants Louis, Gustav, August, *Frederick,* and Frank. September 20, 1890, the plaintiffs commenced this action for the partition or sale of the said lands, and the summons and complaint were on that day served on the resident defendants, Louis, Gustav, Frank, and Caroline, personally. Said complaint was verified September 19, 1890, and was filed in the office of the clerk of the circuit court September 20, 1890, and such filing on that day indorsed thereon. September 19, 1890, the plaintiff *Herman* made an affidavit for the publication of the summons on the nonresident

defendants in said action, *Frederick*, August, and Emma, which affidavit stated that the summons and the complaint had been filed with said clerk. ' Said affidavit was filed in the clerk's office September 20, 1890, and indorsed thereon as being so filed on that day. D. H. Hemlock, court commissioner, under date of September 19, 1890, made an order for the publication of said summons on each of said nonresident defendants, which order recited that the summons and complaint, duly verified therein, had been filed with the clerk of said court, and also directed a copy of said summons and complaint to be inclosed in an envelope, with the postage thereon duly paid, addressed to said nonresident defendants, respectively, at their post office address as therein stated, and that the summons be published, as required; which order was filed, in the office of said clerk September 20, 1890, and such filing indorsed thereon as of that date.

September 30, 1890, the plaintiffs' attorney made an affidavit stating the fact that September 20, 1890, he mailed a copy of said summons and complaint to each of said nonresident defendants, at their said respective places of residence. February 5, 1891, the foreman of the newspaper in which said summons was so ordered to be published made an affidavit that such summons was published in said newspaper six weeks successively, commencing with the number published September 20, 1890, and ending with the number published November 15, 1890.

February 5, 1891, the plaintiffs' attorney made the usual affidavit of default and non-appearance of each and all of the defendants. February 27, 1891, the court made the order as prescribed in sec. 3108, R. S., adjudging the interest of the several parties to the action in said real estate, and ordered a reference therein, as prescribed in sec. 3110, R. S. March 18, 1891, the referee so appointed made and filed his report therein with the clerk of said court. Upon

said report, and on the same day, the said court ordered said premises to be sold at public auction, as prescribed by sec. 3119, R. S. After the making of said order, and on March 18, 1891, the defendant Louis appeared by his attorney in the cause. April 23, 1891, an affidavit of no answer or demurrer or appearance was made in the action.

May 2, 1891, the defendant *Frederick* appeared by his attorney specially, and gave notice of a motion for an order dismissing, vacating, and setting aside the judgment entered in said action, and all proceedings therein, for the reason that no summons had ever been served upon said *Frederick* in said action according to law, and hence that the court had no jurisdiction of his person or property or his interest in said premises. Said application was made upon the records on file in the cause and the affidavits annexed. May 6, 1891, the said Louis obtained a stay of proceedings in the action. Said *Frederick's* motion was heard May 26, 1891. The hearing of the motion was thereupon continued to June 16, 1891, to allow the attorney of said *Frederick* to present further affidavits. June 16, 1891, the said court decided upon said application and motion, and in the order thereon recited, among other things, in effect, that it appearing to the court that said order of publication, dated September 19, 1890, was not signed by the court commissioner granting the same until September 20, 1890, and until after the summons and complaint had been filed in the office of the clerk of said court, it was therefore ordered that said motion be, and the same was thereby, denied; that the date of the order of publication be, and the same was thereby, amended to read September 20, 1890; and it was therein further ordered that all proceedings in the action be, and the same were thereby, stayed for twenty days, to allow said *Frederick* to prepare an appeal from said order to this court. From that order the said *Frederick* appeals.

Voelz and wife vs. Voelz.

*C. A. Koeffler, Jr.*, for the appellant, contended, *inter alia*, that the trial court erred in allowing the date of the order of publication to be amended "so as to read September 20, 1890," and transgressed its powers by holding that the order was not signed by the commissioner until that date and until after the summons and complaint had been filed. The order being void *in law*, there was no such order in existence for amendment. *Whitney v. Brunette*, 15 Wis. 61; *Fairchild v. Dean*, id. 206, 209, 210; *Hall v. Graham*, 49 id. 555; 4 Wait, Pr. 642, sec. 2; *Hallett v. Righters*, 13 How. Pr. 43; *Kendall v. Washburn*, 14 id. 380; *Furman v. Walter*, 13 id. 348; *Bunn v. Thomas*, 2 Johns. 190; *Burk v. Barnard*, 4 id. 309; *Garner v. Van Alstyne*, 9 id. 386; *Chandler v. Brecknell*, 4 Cow. 49; *People v. Superior Court of N. Y.* 18 Wend. 675, 677; *Steen v. Norton*, 45 Wis. 415; *Appeal of Royston*, 53 id. 612; *Bang v. McIntosh*, 23 Barb. 591.

For the respondents there was a brief by *Carney, Clasen & Walsh*, attorneys, and *Bashford, O'Connor & Polleys*, of counsel, and the cause was argued orally by *John A. Aylward* and *T. A. Polleys*. They argued, among other things, that a mistake in the date on which an order is signed is a mere irregularity and does not render such order void. Such a mistake, on being shown by affidavit or otherwise, may be corrected by amendment. *Rehmstedt v. Briscoe*, 55 Wis. 616; *Sueterlee v. Sir*, 25 id. 357; *Lederer v. C., M. & St. P. R. Co.* 38 id. 244. The alleged defect in the order for publication being a mere irregularity, the appellant had no right to have the judgment set aside, except upon good cause shown.

CASSODAY, J. The question presented is whether the court acquired jurisdiction over the interests of the nonresident defendants *Frederick* and his wife in the premises in question by the service of the summons by publication. The

statute requires that the application for the order of publication shall be based upon the complaint, duly verified and filed, and an affidavit, together showing the facts required to exist, etc. Sec. 2640, R. S. No objection is made to the sufficiency of the affidavit, nor the form and contents of the order of publication. The contention of the learned counsel for the appellant is that the order of publication was in fact made before the complaint was filed with the clerk of the court, and hence that, under the repeated decisions of this court, the order was a nullity. That such is the law where such is the fact seems to be well established and is really conceded. *Cummings v. Tabor*, 61 Wis. 185; *Manning v. Heady*, 64 Wis. 630; *Witt v. Meyer*, 69 Wis. 595.

As indicated in the foregoing statement, the order of publication is dated September 19, 1890. But that is not conclusive as to the time when it was in fact made. All agree that the complaint was not filed in the clerk's office until September 20, 1890. There is a discrepancy in the affidavits as to the time of that day when it was filed. It recites, however, "that the plaintiff's complaint herein is duly verified, and has been filed with the clerk of the circuit court," etc. The trial court found upon the conflicting affidavits presented, as a matter of fact, that the order of publication dated September 19, 1890, was not signed by the commissioner granting the same until September 20, 1890, and until after the summons and complaint had been filed in the office of the clerk of the circuit court. This finding is sustained by the showing made. Accepting the fact so found as sustained by the affidavits, as we do, it is manifest that the court acquired jurisdiction over the interests of the nonresident appellant in the land. This being so, it follows that any errors of the trial court in the proceedings herein were, at most, mere irregularities. Assuming that there may have been such irregularities, yet the appellant entirely failed to make any such showing upon

the merits as to justify this court in holding that there has been an abuse of discretion in refusing to set aside the judgment and open the default. *Elmer v. Mitchell*, 75 Wis. 358.

This renders it unnecessary to consider other questions discussed by counsel.

*By the Court.*— The order of the circuit court is affirmed.