Manning vs. Heady, imp.

MANNING, Respondent, vs. HEADY, imp., Appellant.

*September 22 — December 23, 1885.*

*(1)* Service by publication: Affidavit. *(2)* Filing complaint. *(3)* When order for publication not proof of requisite facts. *(4)* Personal service outside of state. *(5)* Action to quiet title: Disclaimer by defendant.

1. To authorize an order for service by publication under subd. 1, sec. 2639, R. S., the affidavit must show that the nonresident defendant has property within the state, or that the cause of action arose within the state.

2. The complaint must be filed before an order for service by publication is made.

3. Where the record shows that an order for service by publication was made upon insufficient or defective proof, sec. 2641, R. S., is inapplicable, and the order itself is not proof of the existence of the requisite facts.

4. Personal service of the summons and complaint outside of the state will not give jurisdiction if no valid order for service was made.

5. An action to quiet title, under sec. 3186, R. S., was brought by the owner of land against one who had purchased the same at an execution sale under a void judgment. Just before the action was commenced the defendant had assigned the certificate of such sale to his father, for a nominal consideration, in order to avoid the consequences of the action, but the certificate still remained entirely under his control, and such assignment was kept secret from the plaintiff. In his answer the defendant did not disclaim all title to the land and certificate and offer to give a release. *Held,* that judgment was properly rendered against him.

APPEAL from the Circuit Court for *Jefferson* County. The action was brought under sec. 3186, R. S., to remove

a cloud from the title to twenty acres of land in Jefferson county, and to enjoin the execution of a deed thereof by the sheriff of said county to the defendant *Henry Heady*, under a certificate of sale issued to said defendant upon an execution sale. The land in question formerly belonged to Green Manning. The plaintiff, *Nancy Manning*, was in possession thereof at the time of commencing the action, and claimed title thereto under and by virtue of a judgment of divorce rendered in her favor against the said Green Manning on February 15, 1881, by which his title to said land was divested and the same was vested in her.

On September 13, 1880, one Harriet McCune had obtained a judgment by default against said Green Manning, and under the execution issued thereon the land in question was sold to the defendant *Henry Heady*, to whom the sheriff executed a certificate of such sale in due form. The complaint alleges that said judgment and execution were void because in said action of *McCune v. Manning* the court never acquired any jurisdiction of the defendant therein, Green Manning, who, at the time of the commencement of that action, was a resident of the state of Iowa; and that the land in question was, also, at the time of said execution sale, exempt, as the homestead of said Green Manning and his family. The complaint further alleges that the defendant *Henry Heady* claims title under said execution sale, and has refused to release and quitclaim such title to the plaintiff.

The answer of the defendant *Henry Heady* alleges that before the commencement of this action he sold and assigned the said certificate of sale, and has not since been the owner thereof or had the same in his possession or under his control or had any interest in the land in question; that in purchasing said land at the execution sale and in taking the certificate of such sale he had acted solely as the agent and trustee of the said Harriet McCune; and that long before the commencement of this action the plaintiff

had been informed that such certificate was in fact the property of said Harriet McCune. The defendant sheriff did not answer.

The circuit court found as facts, among other things, that in bidding off said land at the execution sale the defendant *Henry Heady* was acting as attorney for Harriet McCune, but taking said certificate in his own name; that the sheriff's certificate delivered to said defendant, as well as the one filed in office of the register of deeds, showed upon their face that said defendant was the owner of the same; that said defendant, *Henry Heady*, assigned said certificate to his father, John Heady, who resided with him, for a nominal sum, March 22, 1882, to avoid the consequences of this action which he then expected would soon be commenced against him; that John Heady assigned said certificate of sale to the said Harriet McCune, June 12, 1882; that said assignments from *Henry Heady* to John Heady and from the latter to Harriet McCune were not made matters of record and were intentionally kept from the knowledge of the plaintiff and her attorneys until the trial of this action; that neither the certificate of sale nor either of said assignments was ever delivered to Harriet McCune, but they all remained under the control of *Henry Heady*, who held the same as the attorney or trustee of Harriet McCune.

As conclusions of law the court found that the judgment of Harriet McCune against Green Manning was void as against the plaintiff, *Nancy Manning;* that the land in question, transferred to the plaintiff by the judgment of divorce, was exempt, as the homestead of Green Manning; that the execution issued on the judgment in favor of Harriet McCune, and the sale thereon, were void as against the plaintiff, and that she is entitled to an injunction restraining the sheriff from executing any deed under or by virtue of such sale or the certificate thereof.

From the judgment entered in accordance with such findings, the defendant *Henry Heady* appealed.

*Henry Heady*, appellant, in person.

For the respondent the cause was submitted on the brief of *Page & Cass*.

The following opinion was filed October 13, 1885:

COLE, C. J.   If the court never acquired jurisdiction of the defendant in the action of *McCune v. Manning*, the judgment in the case must be affirmed.   For, aside from all questions of homestead rights, the decree of divorce transferred and vested the title to the twenty acres of land in dispute in the plaintiff; she is therefore in a position to assail the validity of that judgment and the sale under it, and is entitled to the relief granted, if it is void.   The inquiry, then, is as to the validity of the judgment in the McCune suit.   At the time of the commencement of that action, and for some time previously thereto, the defendant, Green Manning, was and had been a resident of the state of Iowa.   Jurisdiction over him was attempted to be acquired by publication.   The statute provides, where the defendant is a nonresident and has property within the state, or the cause of action arose within the state, that service of summons may be made by publication on obtaining an order therefor as therein prescribed.   R. S. sec. 2639.   The order must be made by the court or judge thereof upon an application based upon the complaint, duly verified and filed, and an affidavit, together showing the facts required to exist, and that the plaintiff is unable with due diligence to make service of the summons upon the defendant in respect to whom the order is applied for.   Sec. 2640.   We have in the record the affidavit and complaint upon which the order of publication was made.   While the affidavit states that Green Manning was a nonresident of this state, and resided at Charles City, state of Iowa, it wholly fails to show that he had property within this state, or that the cause of action arose within this state.   These essential

facts must be shown to exist to authorize the granting of the order of publication. The order is dated April 27, 1880, and recites that it was granted upon reading the complaint in the action, and the affidavit of the plaintiff therein, "which are filed in the office of the clerk of the circuit court for Walworth county," and, it appearing to the satisfaction of the circuit judge "from said complaint and affidavit" that the plaintiff has a cause of action, etc., the order was made. As a matter of fact the indorsement of the clerk upon the original complaint shows that it was not filed in his office until the 13th of September, 1880. It should have been filed before the order of publication was made. *Cummings v. Tabor*, 61 Wis. 185.

But the affidavit states no statutory ground for making the order, consequently jurisdiction over the defendant was not obtained. In view of the recitals in the order, there can be no presumption that there was other proof made of the existence of the required facts aside from what appeared in the affidavit and complaint. And since these do not show the existence of the necessary facts, the order of publication was unauthorized.

It is said, however, that sec. 2641 makes the order presumptive proof of the existence of all facts required to exist to authorize the same to be made, and conclusive in all collateral actions and proceedings. We think this section was not intended to apply to a case where the record itself shows that the order was made upon insufficient or defective proof. Here the record shows what proof was made, and we must look into it to see if it authorizes the order. This is a question as to the service of summons where the record shows that the necessary and proper proof of the existence of the required facts was not made; therefore jurisdiction by publication was never obtained. If the order had recited that it appeared to the satisfaction of the circuit judge that the defendant was a nonresident and had

property within this state, there being nothing in the record to show what proof was made, the presumption would be that it was sufficient to authorize the order of publication. *Storm v. Adams*, 56 Wis. 137. But here the order contains no such recital, while the record shows that it was made upon an affidavit fatally defective. We therefore must hold that jurisdiction was not helped out by sec. 2641.

It is true, the record shows that the summons and complaint were personally served upon Green Manning, in Iowa; but this service did not give the court jurisdiction over him, because there was no valid order of publication made. *Weatherbee v. Weatherbee*, 20 Wis. 499; *Keeler v. Keeler*, 24 Wis. 522. The judgment in the *McCune Case*, being void for want of jurisdiction over the defendant, it follows that no legal sale could be made under it.

The plaintiff was in possession of the twenty acres of land, and had the legal title by virtue of the judgment of divorce. She was entitled, therefore, to the relief granted. It is said that neither the evidence nor findings show that the defendant *Henry Heady* had any such interest in the sheriff's certificate or in the land, when this action was brought, as amounted to the setting up of a claim thereto, within the meaning of the statute. It is very clear that he did not, in his answer, disclaim all title to the land and certificate and offer to give a release, as he should have done if he was not setting up some claim thereto. But really the sheriff's certificate was issued to him, and, although he assigned it to his father just before the suit was commenced, this assignment was kept secret from the plaintiff and her attorneys. Besides, the evidence shows beyond all controversy that the sheriff's certificate was entirely under his control all the time. The circuit court finds that the assignment was made by him to avoid the consequences of this action, which he expected would soon be brought, and that conclusion is fully warranted by the evidence.

We think the judgment of the circuit court was correct and must be affirmed.

*By the Court.*— Judgment affirmed.

A motion for a rehearing was denied December 23, 1885.