Oelbermann and another vs. Ide.

─────────────

OELBERMANN and another, Respondents, vs. IDE, interpleaded, Appellant.

*September 2 — September 22, 1896.*

*Garnishment: Jurisdiction in principal action: Service by publication: Verification of complaint: Commissioner of deeds: Official seal.*

1. A judgment in garnishment proceedings against an interpleaded claimant of the garnished property must be reversed on appeal if the judgment in the principal action is void for want of jurisdiction of the court to enter it.

2. Under sec. 2640, R. S., an order for the service of a summons by publication is a nullity unless there was a duly verified complaint on file when it was made.

3. Under secs. 182,183, R. S., the verification of a complaint in another state before a commissioner for Wisconsin is insufficient unless authenticated by a proper official seal.

4. Nothing short of an impression on the paper will constitute an official seal; and any words or figures made by pen or otherwise than impressed so as to show in the paper itself or some substance attached to the paper, cannot be considered as any part of the seal.

5. The words "S. Steinhammer, Commissioner for     in the State of New York," impressed on paper, do not constitute a sufficient official seal; and the word "Wisconsin," written with a pen in the blank space, adds nothing thereto.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

The parties to the original action, and the garnishee action as well, were nonresidents. Personal service was obtained on the garnishee defendants in this state. Service was obtained on the defendant in the principal action by publication. The complaint was verified in New York before S. Steinhammer, who signed as commissioner of the state of Wisconsin for New York. A seal of office was impressed upon the paper, made by an engraved seal containing words as follows: "S. Steinhammer, Commissioner for     in the State of New York." The blank space left in the impression of the engraved seal was filled in by pen and ink with the word "Wisconsin." The affidavit for publication in no way showed that the defendant had property in this state, except by the following words: "That defendant has property in this state, to wit, moneys in the hands of" various persons (naming them), "who are garnishees in the above-entitled action now pending by above plaintiffs against said defendant in this case." The proof of service of the garnishee process upon the garnishee defendants does not show that, after due diligence, service could not be made on the principal defendant in this state.

The garnishees answered that they became severally indebted to the principal defendant, Henry P. Ide, but that *George D. Ide* claimed to own such indebtedness, under an assignment from Henry P. Ide made before service of the garnishee process upon them. Issue was taken on such answer.

*George D. Ide* was duly interpleaded, and answered, setting up that such indebtedness, for a valuable consideration, was on the 9th day of September, 1890, before the service

of the garnishee process on the garnishees, assigned to him, and that at the time of the making of such answer he was the owner thereof. Issue was taken on such answer. The result of the trial of such issue was that the court found, for the plaintiffs, that the several assignments of indebtedness under which the interpleader claimed were void as against plaintiffs, and further found that the amount of such indebtedness of the garnishee August Neubling, at the time of the service of process upon him, was $866.68, and of the garnishee A. C. Feldt, $76.63. The assignments made to *George D. Ide* were, in form, to him personally. He did not claim any personal interest, other than such as belonged to him as a legatee of George L. Ide, deceased. He claimed to own the indebtedness, and hold the same, as executor of the will of George L. Ide. The court found all the facts to exist requisite to entitle plaintiffs to judgment against the interpleaded defendant, and ordered judgment accordingly against him personally, and as executor of the will of George L. Ide, dismissing his answer, and for restitution of any sum he had collected from the garnishees after the service of garnishee process upon them. Judgment was entered accordingly.

Exceptions were filed, which will be referred to in the opinion so far as necessary. The appeal is from the judgment against the interpleaded defendant only.

*F. J. Walthers,* for the appellant.

For the respondents there was a brief signed by *Williams, Friend & Bright* and *Orren T. Williams,* and oral argument by *Orren T. Williams.*

MARSHALL, J. If the judgment in the principal action is void for want of jurisdiction of the court to enter it, then the judgment appealed from must be reversed. It is claimed on the part of appellant that such is the case, because the verification to the complaint was insufficient to support the order for service by publication, in that it purports to have been made in New York before a commissioner of deeds for

Oelbermann and another vs. Ide.

this state, and that his official character was not authenticated by an official seal; that though a seal was impressed on the paper, containing the words, "S. Steinhammer, Commissioner for ____ in the State of New York," and the blank space in such impression was filled up with pen and ink by writing in the word "Wisconsin," it is not a seal of office, within the meaning of the statute upon the subject (sec. 182, R. S.), sufficient to show the official character of the commissioner.

An order for the service of a summons by publication can only be granted on a complaint duly verified and filed, and an affidavit, together showing the facts required to exist. R. S. sec. 2640. Without such verified complaint on file at the time of making such order, it is a nullity. *Cummings v. Tabor,* 61 Wis. 185; *Manning v. Heady,* 64 Wis. 630; *Witt v. Meyer,* 69 Wis. 595. If the verification of a complaint is made before an officer outside this state, unless his official character is authenticated by his official seal, if the law provides for that method of establishing such character, such complaint cannot be treated as verified according to law. *Fellows v. Menasha,* 11 Wis. 558; *Knowles v. Fritz,* 58 Wis. 216.

Sec. 182, R. S., provides that, before the commissioner is authorized to exercise any power, he shall, in addition to depositing in the office of the secretary of state a prescribed oath of office, deposit an impression of his seal of office. Sec. 183, R. S., provides that his acts done pursuant to the laws of this state, certified under his hand and seal of office, shall be as valid as if done by a proper officer of this state. The same section provides that the commissioner may administer oaths required to be used in this state. From this it is obvious that only by force of the statute can the verification be made before a commissioner in another state. The law that provides that it may be so made provides the manner in which the official act must be authenticated, and this court has no authority to dispense with the statutory re-

quirement. Counsel for respondents treats the point lightly, but we are unable to say that an express statutory provision may be treated as a mere formal matter. It positively requires an official seal to be used by the commissioner, in order to authenticate his official acts, without providing what such seal shall contain. Therefore, unless the seal used is sufficient, within the authorities on the subject, we must hold, in conformity to previous adjudications of this court, that the complaint was not verified as the statute requires.

It needs no argument or citation of authority to support the proposition that an official seal, when required by statute, no particular form or words being prescribed, must contain enough to show the official character of the officer, and must be capable of making a distinct and uniform impression upon the paper on which the certificate is written, or on some tenacious substance, as wax, or on wafers, or some adhesive substance, attached thereto, capable of receiving an impression. R. S. sec. 4971, subd. 16; *Pierce v. Indseth,* 106 U. S. 546. A seal made by a pen, or a written scrawl, does not fill the requirements of an official seal. *Mason v. Brock,* 12 Ill. 273; 21 Am. & Eng. Ency. of Law, 909; *Hinckley v. O'Farrel,* 4 Blackf. 185. A design printed in ink is not a seal of office. *Richard v. Boller,* 51 How. Pr. 371. "A seal can only be made upon the paper itself, when the design is impressed upon the paper and does not require any other substance to exhibit it." *Richard v. Boller,* 6 Daly, 460. These authorities, to which many more might be added, clearly show that nothing short of an impression on the paper will constitute an official seal. Any word or figures made by pen or otherwise than impressed so as to show in the paper itself or some substance attached to the paper, cannot be considered as forming any part of the seal. R. S. sec. 4971, subd. 16.

Applying what has been said to the instant case, the word "Wisconsin," written in after the impression was made on

the certificate, obviously adds nothing to the seal; for, if one part could be thus made, it all might be, and the requirement that the seal shall be impressed on the paper would be entirely unsatisfied. It follows that the question must be answered, Are the words, " S. Steinhammer, Commissioner for       in the State of New York," impressed on paper, sufficient to indicate the official character of the officer? Clearly not. That appears too plain for argument. It is wanting in the word written in, " Wisconsin," and without it the impression is meaningless. Without it no information is conveyed by such impression, in respect to the state for which the officer is commissioner, or whether he is a commissioner of deeds at all. Such was the conclusion reached by the supreme court of the state of Iowa in a similar case. *Gage v. D. & P. R. Co.* 11 Iowa, 310, cited by counsel for appellant. In deciding the question under consideration, BALDWIN, J., said, in effect: ' If a portion of the words necessary to be used in the body of the seal can be written, the whole may be. The law requires that they shall be impressed. A seal of office thus designed [without name of the state] may be used for any state, whereas it is contemplated by our statutes that the commissioner shall have a seal designed for this state alone.'

It is difficult to avoid the force of this reasoning. In truth, as it appears to us, it cannot be avoided without, in effect, by judicial construction, doing away with a statutory requirement. That we are not disposed to do; hence must hold that, for want of a proper verification of the complaint, the order for service by publication of the summons in the original action was void, and, on that account, that the court failed to obtain jurisdiction to render the judgment in such action, hence no jurisdiction to render the judgment appealed from.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.