Roosevelt vs. Land & River Co.

Roosevelt, Respondent, vs. Land & River Company, imp., Appellant.

*October 30, 1900 — February 1, 1901.*

(1, 2) *Service by publication: Affidavit: Time of making: Presumptions to support order.* (3) *Foreclosure of successive mortgages: Lis pendens: Parties: Right of possession.*

1. Under sec. 2640, Stats. 1898 (providing that the application for an order directing service by publication shall be based upon the complaint and an affidavit, "together showing the facts required to exist"), such facts must be shown to exist at the time the order is made, i. e. the order must follow the affidavit within a reasonable time. An affidavit made two weeks before the order, based in part on a sheriff's return filed six weeks prior, is *held* in this case not a sufficient foundation to support the order.

2. Sec. 2641, Stats. 1898, which makes the order presumptive proof of the existence of all facts required to exist, etc., does not apply in such a case, where the record shows that the order was made upon insufficient proof.

3. In an action to foreclose a second mortgage on land judgment was entered the day after the commencement of suit to foreclose the first mortgage, and before a notice of *lis pendens* had been filed in

the latter action, but the sale on said judgment took place after the filing of such notice. The holders of the second mortgage were not made parties to the action to foreclose the first mortgage. *Held*, that the purchasers at the sale on foreclosure of the second mortgage were not affected by the filing of the notice of *lis pendens,* but obtained the legal title and right to the possession of the land, and that the purchaser at the sale on foreclosure of the first mortgage obtained *no possessory right as against such title.*

APPEAL from an order of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Reversed.*

In the year 1890 Mrs. Vernam, the owner of the property in controversy, mortgaged the same to the Land & River Improvement Company, which mortgage was assigned to plaintiff. May 23, 1895, she conveyed the property to said company, subject to the mortgage. May 1, 1896, the company executed to Robert De Forest, Samuel E. Kilner, and George Sherman, as trustees, a trust deed of this and a large amount of other property to secure certain of its bonds. In 1896 a creditors' suit was commenced in the United States circuit court for the Western district of Wisconsin against said company by certain of its creditors, and such proceedings were had that said De Forest, Kilner, and one William B. Banks were appointed receivers. Said receivers duly qualified and took possession of all of said property. November 16, 1896, said trustees brought suit in said United States court against said company to foreclose such trust deed. The proceedings were afterwards amended so as to make Sherman plaintiff, and the other trustees defendants, as receivers. March 22, 1898, the plaintiff commenced this action to foreclose his said mortgage, naming said company and said trustees, receivers, and others, parties defendant. Said receivers were shown to be nonresidents of the state, and service was attempted to be made by publication. March 23, 1898, a decree of foreclosure was entered in the United States court in the action to foreclose the trust deed. April

23, 1898, *lis pendens* was filed in this action. May 12, 1898, a sale of the property included in the trust deed was made, by consent of parties, to H. W. De Forest. The sale was confirmed, and on June 20, 1898, the purchaser conveyed the premises in suit to the appellant, the *Land & River Company*, and possession was taken. November 9, 1898, judgment of foreclosure was entered in this action. February 21, 1900, a sale of the property under said judgment was had, and the plaintiff became the purchaser. Such sale was confirmed March 24th following.

On April 19th, upon an affidavit which set out the facts in relation to plaintiff's mortgage, the foreclosure and sale, and demand upon said *Land & River Company* for possession of the mortgaged premises, and a refusal to deliver such possession, the plaintiff procured an order to show cause why a writ of assistance should not issue. The *Land & River Company* made return to said order, setting out the proceedings to foreclose said trust deed, and its title thereunder, and denying the right of plaintiff to a writ of assistance, on the ground that no jurisdiction had ever been obtained of the trustees and receivers in this action. The particular grounds for its contention, among other things, were that service upon them was attempted to be made by publication, and that no sufficient affidavit or valid order for the publication of the summons was ever made, and that no sufficient proof of mailing the summons was ever filed. Copies of the files and proceedings in the United States court in said matter were made a part of said return.

Upon the hearing in the circuit court an order was entered directing that a writ of assistance should issue, giving the possession of the mortgaged premises to the plaintiff. From such order the *Land & River Company* has taken this appeal.

For the appellant there was a brief by *Sanborn, Luse & Powell*, and oral argument by *A. L. Sanborn*. They argued,

among other things, that the foreclosure of the trust mortgage having been completed in June, 1898, the title of the mortgagor, with the interest of the second mortgagee, became vested in the purchaser at the foreclosure sale, and the title vested, not as of that date, but as of the date of the execution and delivery of said second mortgage. Such must be the rule, otherwise intermediate liens and incumbrances, between the giving of a second mortgage and the foreclosure sale, would be prior in right to the title acquired by the foreclosure. In other words, the purchaser acquires all right and title which the mortgagor had at the time of the execution of the mortgage. 2 Jones, Mortgages, § 1654; *Ritger v. Parker*, 8 Cush. 145; *Carter v. Walker*, 2 Ohio St. 339; *Packer v. R. & S. R. Co.* 17 N. Y. 287; *Ames v. Storer*, 98 Wis. 372; 2 Pingrey, Mortgages, § 1974; Wiltsie, Mortgage Foreclosures, § 164. These authorities show clearly the difference between a purchase of the mortgagor's interest subsequent to the commencement of a foreclosure under a voluntary conveyance, and the obtaining of title by way of an adverse proceeding, by way of foreclosure of a mortgage or sale upon a judgment which was a lien before the filing of the notice of *lis pendens*. The cases of *Murphy v. Farwell*, 9 Wis. 102, and *Allen v. Case*, 13 Wis. 621, fully decide this question. The foreclosure of the first mortgage without making the second mortgagee a party passed to the first mortgagee nothing but his mortgage interest. *Tallman v. Ely*, 6 Wis. 257; *Stark v. Brown*, 12 Wis. 572, 584; *Frische v. Kramer's Lessee*, 16 Ohio, 136. The holder of a second mortgage recorded before a foreclosure is commenced upon the first mortgage, who acquires title by foreclosure proceedings, does not, within the meaning of our statute (secs. 3169, 3187, Stats. 1898), claim under the mortgagor *subsequent* to the filing of the notice of *lis pendens* in such foreclosure. He is not a purchaser *pendente lite* either at common law or under the statute. The court not hav-

ing acquired jurisdiction over the holders of the trust mortgage, and the appellant having acquired the title and right of possession under the foreclosure of said mortgage, it is entitled to retain the same until the plaintiff shall foreclose his mortgage in such manner as will cut off the interest so acquired.

For the respondent there was a brief by *Henry W. Gilbert* and *H. C. Sloan,* and oral argument by *Mr. Sloan.* They contended, *inter alia,* that the pendency of an action does not convert a mere mortgage lien into a fee until a sale and conveyance. Appellant was a mere mortgagee, and if respondent commenced his action and filed his *lis pendens* before appellant got his fee, appellant was a purchaser *pendente lite.* And it makes no difference that the title was obtained under judicial procedure. Wiltsie, Mortgage Foreclosures, §§ 130, 153, 163, 303–305; sec. 3167, Stats. 1898; *Warner v. Trow,* 36 Wis. 195; *Newton v. Marshall,* 62 Wis. 8.

The following opinion was filed November 16, 1900:

BARDEEN, J. Two propositions are to be considered on this appeal: (1) Did the plaintiff obtain jurisdiction of the trustees and receivers, so as to bind them by the judgment herein? (2) If not, who is entitled to the possession of said premises?

1. The order of publication was dated June 10, 1898, and was based upon the papers on file, and the affidavit of the plaintiff's attorney, dated May 27, 1898,— fourteen days before such order was made. To meet the requirements of sec. 2640, Stats. 1898, as to the diligence used in making service of the summons, said affidavit referred to the sheriff's return on file. Such return is undated, but appears to have been filed April 23, 1898. The point is made by appellant that an affidavit made fourteen days prior to the making of the order, the latter being based in part upon a return of the sheriff made six weeks prior, is not a sufficient founda-

tion to support an order for the publication of the summons. Sec. 2640 says that the application for such an order "shall be based upon the complaint, duly verified and filed, and an affidavit, together *showing the facts required to exist.*" The question is, When must the "facts required" be shown to exist? No decision of this court has been cited, and after diligent search none has been found, which throws any light on this question. In other states, however, under similar statutes we find decisions directly upon the point. Thus, in *N. Y. B. Union v. Atwell*, 95 Mich. 239, it is said: "An order of publication must be based upon facts existing at the time the order is made. The rule that, as matter of evidence, a fact in its nature continuous, being once shown to exist, will often be presumed to continue unless the contrary be shown, does not apply to the averment of a jurisdictional fact, which must appear as existing at the time the order is made." It was accordingly held that an affidavit of nonresidence made five days before the making of the order would not sustain it. See, also, *Adams v. Wayne Circuit Judge*, 98 Mich. 51. In *Forbes v. Hyde*, 31 Cal. 342, it is held that the facts must appear before jurisdiction to make the order attaches, that the making of the affidavit and the order must follow each other in reasonably quick succession, and that an order was not well supported by an affidavit made some four months before it was applied for. Following in line with this case, the same court, in *Cohn v. Kember*, 47 Cal. 144, held that a delay of fifteen days between the making of the affidavit and the application for the order could not be permitted. A brief discussion of the same question may be found in *Armstrong v. Middlestadt*, 22 Neb. 711, where the affidavit was made on March 5th, and the order on the following day, and the order was held good. In *Campbell v. McCahan*, 41 Ill. 45, an affidavit of nonresidence made twenty days before the bill was filed was held not made in a reasonable time before the suit was brought, and failed to confer jurisdiction. In

an attachment proceeding the affidavit was made August 2d, and was filed and the writ issued eleven days thereafter, and it was held that such delay was unreasonable. *Foster v. Illinski*, 3 Ill. App. 345.

The tenor of all these decisions is that the proceeding to obtain jurisdiction of a nonresident is statutory and must be strictly complied with. This court has so held, and the cases on this point may be found cited in *Beaupre v. Brigham*, 79 Wis. 436. Such being the rule, it is quite proper to say that the "facts required to exist," mentioned in the statute, must be shown to exist at the time the order is made. Not that the making of the affidavit and the order must follow in instantaneous succession. The two acts need not be simultaneous, but must follow each other in reasonably quick succession, and what is a reasonable time is to be judged by the situation of the parties. In this case the affidavit and order appear to have been made in Douglas county. As to the diligence used in making service, the affidavit refers to the sheriff's return filed six weeks prior to the order. No reason is given why there was a delay of two weeks between the making of the affidavit and the order. If he may delay two weeks, he may delay any number of weeks. This would not be in harmony with the spirit of the law or the intention of the legislature. We therefore hold that the record shows an unreasonable delay intervening the two acts necessary to confer jurisdiction, and that the order of publication had no sufficient basis to rest upon.

Counsel for the plaintiff suggests that the order must be held sufficient under sec. 2641, which makes it presumptive proof of the existence of all facts required to exist to authorize the same to be made, and conclusive in all collateral actions or proceedings. A sufficient answer to this claim may be found in *Manning v. Heady*, 64 Wis. 630, which holds that this section does not apply to a case where the record shows that the order was made upon insufficient or defective proof.

The claim that the attorneys for the trustees appeared, and thus jurisdiction was obtained, is too flimsy to require discussion. It requires something more to constitute an appearance in a case than a consultation of the attorneys of the parties, and a threat by one to appear unless the complaint is amended as to the claim against his clients.

2. The plaintiff never having secured jurisdiction over the holders of the second mortgage, we are left to consider the rights of the parties with reference to the mortgaged premises. The plaintiff insists that, because the fee or equity of redemption was still in the Land & River Improvement Company at the time his action was commenced and notice of *lis pendens* was filed, the holders of the second mortgage, or their grantees, obtained no right of possession under their foreclosure proceedings, except in subordination to his rights. If this is so, it must be upon the theory that the doctrine of *lis pendens* applies to and binds all parties who claim under the foreclosure proceedings in the United States court, and upon that theory the only right the appellant would have left to it is a right of redemption. It must be admitted that if the rule of *lis pendens* does apply, as claimed, then the conclusion reached by respondent is correct. But does it apply to appellant under the circumstances set out in the statement? Here are two separate and independent foreclosure sales, under two mortgages, both being in existence before suit was commenced upon either. The holder of the second mortgage brings the first suit, and a foreclosure judgment is entered the day after this suit was commenced, and before *lis pendens* was filed. In that suit the holder of the equity of redemption or legal title is made a party, and a sale is had a few days after the *lis pendens* was filed. At that sale there can be no doubt but that the purchaser obtained the legal title to the land, and all the interest of both the mortgagor and mortgagee therein, subject to the prior mortgage. Speaking on this subject in an early case, this

court said: "Whatever estate or title the mortgagee had in the mortgaged premises became merged in the decree, and passed to the purchaser at the judicial sale. Whatever estate or title the other parties to the sale had at its commencement passed by the same act to the same party. Such, it would seem, must be the necessary and inevitable consequence and result of the decree of foreclosure and sale, if any effect whatever is given to them." *Tallman v. Ely*, 6 Wis. 244. This principle is referred to and approved in the late case of *Ames v. Storer*, 98 Wis. 372. Hence it follows that by its deed from the purchaser at the foreclosure sale the appellant became invested with the legal title and right to possession of the mortgaged premises under a claim which existed prior to the time this suit was brought. The respondent having failed to make the holders of the second mortgage parties, as already determined, they were not barred or cut off by the proceedings in this action, unless, as respondent claims, they were cut off by the filing of the notice of the pendency of this action, under sec. 3187. This section says, "From the time of such filing, . . . the pendency of such action shall be constructive notice thereof to a purchaser or incumbrancer of the property affected thereby." The precise question here involved has been under consideration by this court in two cases. *Murphy v. Farwell*, 9 Wis. 102, and *Allen v. Case*, 13 Wis. 621. The reasons for the conclusions there reached are so fully and carefully stated that an attempt to add to the discussion would lead to no useful results. The substance of those decisions is that, when a sale of the mortgaged property takes place in pursuance of an interest in the property acquired before the suit was commenced in which the notice of *lis pendens* was filed, the purchaser at such sale is not within the rule of *lis pendens* unless he or the holder of the interest was a party to that suit. Whether this rule is in harmony with that established in other states, it is not our purpose to inquire.

It is the rule in this state, and no good reason is perceived why it should not be followed. It being determined that the rule of *lis pendens* does not apply to the appellant, it is clear that when the sale was made herein the entire interest of the mortgagor had passed to it under its deed from De Forest and hence no possessory right, as against its title, passed to the purchaser at plaintiff's sale.

Other questions are raised, but none of which is of sufficient importance to change the result reached, or to require extended discussion.

*By the Court.*— The order appealed from is reversed, and the cause is remanded with directions to the circuit court to discharge the order to show cause, and for further proceedings according to law.

A motion for a rehearing was denied February 1, 1901.