Rockman vs. Ackerman.

---

Rockman, Respondent, vs. Ackerman, imp., Appellant.

*March 1 — March 19, 1901.*

*Service by publication: Affidavit: Time of making: Jurisdiction: Mailing prior to order: Judgment by default: Proof of service: Waiver of lack of jurisdiction: Appeal: Undertaking.*

1. Where service of summons was attempted to be made by publication, the fact that the order for publication was not made until twenty-five days after the making of the affidavit therefor shows that the court was without jurisdiction.

2. In order that the court may acquire jurisdiction by the service of summons by publication under secs. 2639, 2640, Stats. 1898, copies of

the summons and complaint must be mailed to the defendants *in pursuance of the order of the court,* and a mailing before the order was made is insufficient.

3. A judgment by default should not be entered without proof of the service of the summons being of record.

4. Want of jurisdiction to enter a judgment by default is not waived by the appearance of defendant solely for the purpose of appealing.

5. An undertaking on appeal from a judgment of foreclosure is *held* sufficient to give this court jurisdiction, although the plaintiff's name was omitted from the blank for the respondent, and the wrong defendant was named as mortgagor; and appellant was allowed, on the argument in this court, to file an amended undertaking.

APPEAL from a judgment of the circuit court for Barron county: A. J. VINJE, Circuit Judge. *Reversed.*

*Clarence C. Coe,* for the appellant.

For the respondent the cause was submitted on the brief of *J. F. Ellis.*

CASSODAY, C. J.    This is an action to foreclose a note for $48 secured by a mortgage on real estate in Barron county, Wisconsin, both executed by the defendant *George Ackerman* January 24, 1894, and subsequently assigned to the plaintiff. Judgment was entered thereon by default May 7, 1900. No attempt was made to serve the summons on any of the four defendants, except by publication. The summons and complaint were filed February 12, 1900. Twenty days prior to that time the attorney for the plaintiff made an affidavit to the effect that he was unable, with due diligence, to make service of the summons upon the four defendants named, and stated that the post-office address of *Ackerman* was at St. Paul, Minnesota, and of the three other defendants at Chicago, and asked that service of the summons should be made by publication. That affidavit was not filed with the clerk until seven days after the entry of the judgment. Another affidavit of the same attorney was made February 5, 1900, to the effect that February 2, 1900, he

Rockman vs. Ackerman.

mailed copies of the summons and complaint to *Ackerman*, at St. Paul, and also to the defendant Albert Schonbeck, at Chicago. That affidavit was not filed with the clerk until seven days after the entry of the judgment. Twenty-five days after the making of the affidavit for publication, and fifteen days after mailing such copies of the summons and complaint, and five days after the filing of the summons and complaint with the clerk, to wit, February 17, 1900, the plaintiff obtained an order of publication, directing, in effect, · that on or before the first publication of the summons the plaintiff should mail to. the respective defendants, at their post-office addresses, copies of the summons and complaint. That order was not filed until seven days after the entry of the judgment. February 24, 1900, the plaintiff's attorney made an affidavit to the effect that on February 22, 1900, he had mailed copies of the summons and complaint to the defendants Allen and wife, at Chicago. That affidavit was not filed until seven days after the entry of the judgment. The publication of the summons was commenced February 23, 1900, and ended March 30, 1900. The affidavit of such publication was made April 2, 1900, but was not filed until seven days after the entry of the judgment. The affidavit of the plaintiff's attorney that none of the defendants were infants, and that none of them had answered or demurred or appeared in the case, but that all were in default, was made May 7, 1900, but was not filed until seven days after the entry of the judgment. The notice of *lis pendens* appears to have been filed seventeen days before the filing of the summons and complaint, but no proof of such filing was filed in the clerk's office until seven days after the entry of the judgment. The judgment was entered May 7, 1900. June 4, 1900, the defendant *Ackerman* appeared by his attorney solely for the purpose of appealing from the judgment, and thereupon did appeal therefrom.

The deformity of this record is not only inexcusable but,

Rockman vs. Ackerman.

so far as we now remember, without a precedent. We shall not attempt to state all the grounds for reversing the judgment. The fact that the order of publication was not made until twenty-five days after the making of the affidavit for publication is of itself enough to show that the trial court was without jurisdiction. *Roosevelt v. Land & River Co.* 108 Wis. 653. It does not appear from such affidavit nor from the complaint that any of the defendants were nonresidents, nor that the residences of any of them were unknown. Sec. 2639, Stats. 1898. And it does appear from the complaint that *Ackerman* was of Clinton, Barron county, Wisconsin, when the mortgage was given; and the affidavit of default states that all the defendants reside in Chicago. The section of the statute cited provides that the "service of the summons may be made without the state or by publication upon a defendant," in the cases therein specified, "*on obtaining an order therefor* as provided in " sec. 2640, Stats. 1898. That section provides that "the order shall direct that service of the summons be made " as therein designated, "and that *on or before* the day of the first publication " the plaintiff shall mail copies of the summons and complaint as therein prescribed. The order in question did so provide. But, as indicated in the statement of facts, none of such copies was mailed to any of the defendants *in pursuance of that order*, except to Allen and wife. On the contrary, they were mailed to the other two defendants, including *Ackerman*, fifteen days before the order was made, and ten days before the summons and complaint were filed. No such judgment should be entered on default without proof of the service of the summons being of record.

Counsel for the plaintiff contends that *Ackerman* waived the question of jurisdiction by his attorney appearing "solely for the purpose of appealing from the judgment." This court has recently held that a general appeal from a

judgment · of foreclosure of a mortgage, taken by default, ·does not waive the want of jurisdiction of the court to enter the judgment. *Zimmerman v. Gerdes*, 106 Wis. 608. Certainly such an appearance did not give jurisdiction over the subject matter of the action.

Counsel for the plaintiff ·claims that the undertaking on this appeal is insufficient to be effectual for any purpose. It is in the sum of $250, but the plaintiff's name is omitted from the blank for the respondent, and Albert Schonbeck is mentioned as mortgagor, instead of :*Ackerman.* But we think it was sufficient to give this court jurisdiction, and hence the appellant was properly allowed to file a new and amended undertaking on the argument, under sec. 3068, Stats. 1898. *Stolze v. Manitowoc T. Co.* 100 Wis. 212, 213.

*By · the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.