·GALLUN and others, Respondents, vs. WEIL and others,
Appellants.

*December 16, 1902—January 13, 1903.*

*Attachment: Conditions of issuance of writ: Motion to dismiss:
Attachment, how executed? Due diligence in service of sum-
mons, when order therefor matter of right? Statutes: Writ of
attachment, how executed: Due diligence in service of sum-
mons: Lien of attachment.*

.1. The only conditions of the issuance of a writ of attachment in
an action commenced in the circuit court are that, concurrently
therewith, a summons be issued, unless that shall have thereto-
fore occurred; that the action shall not have proceeded to final
judgment, and that it shall be one in which such a writ is
proper. Whether there is a cause of action in fact against the
defendant, or the statutory conditions requisite to the execu-
tion of the writ be satisfied, or the facts in that regard exist,
are immaterial on a motion to dismiss the writ as improvi-
dently granted.

:2. A writ of attachment can only be properly executed upon there
being attached thereto an affidavit, made by the plaintiff or
some one in his behalf, satisfying the calls of sec. 2731, Stats.
1898.

.3. If property be seized under a writ of attachment without sec.
2731, Stats. 1898, being complied with, the seizure may be dis-
charged on motion, but the writ cannot be set aside on that
ground as improvidently granted.

·4. If the facts alleged in an affidavit for the execution of a writ of
attachment, as to the liability of the defendant, do not exist,
the provisional remedy must nevertheless abide the result of
the suit, since no question in that regard can be raised in the
proceeding to enforce the provisional remedy.

.5. Independently of the liability of the defendant, the grounds of
the issuance of a writ of attachment can only be questioned by
a traverse of the affidavit for the execution of the writ and trial
of the issues thus formed according to sec. 2745, Stats. 1898.

·6. The statutory requisites to the granting of an order for service
of a summons by publication being satisfied, the right to such
order is absolute regardless of whether the essential allega-
tions of the complaint and affidavit upon which it is based are
true or not.

7. Neither the issuance of a writ of attachment nor the seizure of property thereunder is requisite to an order for service of a summons by publication in any case.

8. The right to make service of a summons' by publication only affects the thing sought to be reached in the action; therefore, where the thing is property of the defendant within this state, the order for service by publication by the express words of the statute is granted upon the complaint, duly verified and filed, and an affidavit, together showing the facts required to exist, which in no case includes seizure of property into the custody of the law. Sec. 2640, Stats. 1898.

9. A writ of attachment issues generally against the property of the defendant not exempt from execution, and may be executed by seizing any of such property wherever found within the county of the officer having the writ, even though the property be in the possession of the plaintiff.

10. An affidavit for service of a summons by publication being made one day before the granting of the order, and stating that the plaintiff is unable with due diligence to make service of the summons upon the defendant, and further stating the diligence exercised to make such service to be the placing of the summons in the hands of an officer for service, and his inability to serve the same, as evidenced by his return thereon dated fifteen days before the making of such affidavit, is not, as a matter of law, insufficient to support the order as regards the statutory requirement that it shall be made to appear that plaintiff is unable with due diligence to serve the summons upon the defendant.

11. After property has been seized by an officer under a writ of attachment, he may leave the same with the plaintiff as his bailee to care for the same temporarily, without jeopardizing the lien of the attachment. The remark in *Mahon v. Kennedy*, 87 Wis. 50, 57 N. W. 1108, inconsistent therewith, withdrawn.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

Plaintiffs, by verified complaint, alleged for a first cause of action breach of a contract with defendants for sale and delivery by the latter to the former of a certain quantity of Vienna calfskins of a specified quality, defendants' ninety-day draft on plaintiffs for eighty-five per cent. of the pur-

chase price, to be accepted by the latter upon receipt by them of the invoice and the documents showing shipments of the goods, the balance of such price to be paid upon receipt of such goods at Milwaukee, Wisconsin, and their proving, upon examination thereof, to be according to the agreement. It was alleged that the eighty-five per cent. draft, amounting to $14,669.71, was duly accepted; that subsequently the goods arrived at Milwaukee; that within a reasonable time thereafter the same were examined by plaintiffs and found not to be of the character of the skins contracted for; that thereupon defendants were duly notified thereof and that the goods would not be accepted and were at Milwaukee subject to their order; that plaintiffs demanded a refund to them of the amount of the accepted draft; that such demand was refused, and that by reason of the facts a liability of defendants accrued to plaintiffs to the amount of such draft. For a second cause of action facts were set forth, similar to those above stated, for breach of contract for the sale of a quantity of Bavarian skins, the amount of the accepted draft being $11,316.36. For a third cause of action plaintiffs alleged payment, through mistake of fact, of $419.55 for defendants' benefit, for freight charges on the two lots of skins mentioned in the first and second causes of action, said payment being made by plaintiffs in the belief that the skins were according to contract, the same not having been examined by them previous to such payment. The complaint contained further allegations to the effect that defendants were nonresidents of the state of Wisconsin, and that they possessed property within the state, such property being the skins mentioned in the complaint. A writ of attachment was duly sued out against defendants, the ground therefor being that they were not residents of this state. Upon the verified complaint, duly filed, and an affidavit, together showing the requisite facts, an order for service of the summons by publication was duly granted. The officer to whom the

writ of attachment was delivered for execution seized and took into his possession the property mentioned in the complaint, and turned the same over to one of plaintiffs as his bailor, taking his receipt therefor. The summons was served in accordance with the order therefor. A motion was made to set aside the writ of attachment and the service of the summons, it being stated in the motion papers that the defendants appeared specially for that purpose only. The grounds therefor stated in the motion papers were: (1) That defendants had no property in fact in the state of Wisconsin; that the property claimed to be theirs, to-wit, the skins mentioned in the complaint, was the property of plaintiffs and in their possession and under their absolute control. (2) That the levy upon such property was void because, at the time thereof, it was in possession of plaintiffs, and was left in their possession, the sheriff taking a receipt therefor from one of them. (3) That there were fatal irregularities in the service of the writ of attachment and undertaking. (4) That there was unreasonable delay in making service of the same. (5) That the order of publication was not supported by the statutory requisites by complaint and affidavit. The motion was based on all the papers in the case theretofore filed, and upon the two affidavits. The purpose of the affidavits was to show that the skins delivered to plaintiffs were in all respects according to the contract; that the place of delivery was in the city of New York, that they were examined there and taken possession of by plaintiffs' agent, and that before the action was commenced the title thereto passed to plaintiffs. Counter affidavits were used to the effect that the place of delivery of the goods was not in the city of New York, but was in the city of Milwaukee; that the goods were not examined by plaintiffs' agent in New York, nor did they exercise any control over them until the same arrived in the city of Milwaukee, and that only such control was then exercised as was necessary to enable them to examine the same, as they

had a right to do, to see if they corresponded to the agree-
ment, and to retain the same subject to defendants' order.
The motion was denied with $10 costs.

For the appellants there was a brief by *Doerfler, McElroy
& Eschweiler,* and oral argument by *F. O. Eschweiler.*

For the respondents there was a brief by *Charles Quarles*
and *Haring & Frost,* and oral argument by *George Lines*
and *C. I. Haring.*

MARSHALL, J.   The principal reason suggested, why the
court improperly denied appellants' motion, is that they did
not possess property within the state when the action was
commenced.   Counsel overlooked this: The statute gives
every suitor with a cause of action like this the absolute right
to a writ of attachment, though not to the unqualified right to
have it executed.   In fact, it is not necessary even that a cause
of action be made to appear before the issuance of the writ
and as a condition thereof.   Sec. 2730, Stats. 1898, pro-
vides that "the writ of attachment shall be issued on the re-
quest of the plaintiff, by the clerk of the court, either at the
time of the issuing of the summons in the action or at any
time thereafter before final judgment."   Sec. 2731, Id., pro-
vides that, before it shall be executed, "the plaintiff or some
one in his behalf shall make and annex thereto an affidavit
stating that the defendant named in such writ is indebted to
the plaintiff in a sum exceeding fifty dollars, and specifying
the amount of such indebtedness as near as may be, over
and above all legal set offs, and that the same is due upon
contract, express or implied, or upon judgment or decree,
and containing a further statement that the deponent knows
or has good reason to believe" either one of several things,
one of them being that the "defendant is not a resident of
this state."   Thus, the right to the writ is conditioned only
upon the issuance of a summons.   The right to have it ex-
ecuted is dependent upon there being attached thereto the

affidavit required by sec. 2731. Whether there is in truth a cause of action in favor of the plaintiff, or whether the facts set forth in the affidavit exist, does not go either to the right to the writ or to have it executed; so the nonexistence thereof is not a good ground for setting the writ aside.

There is no controversy here but that all the requisites to the issuance and execution of the writ were fully complied with. If the facts alleged in the affidavit, independent of those respecting defendant's liability, concerning the existence of the ground entitling the plaintiff to the writ, did not exist, the remedy was not by motion to dismiss the writ as improvidently granted, but, the one provided by statute, a traverse of the affidavit for the writ and a trial of the issues thus formed. Secs. 2745, 2746, Stats. 1898. Such sections expressly leave all questions relative to the liability of defendants to plaintiffs to be determined upon the trial of the action, and require the question of whether grounds otherwise existed for the execution of the writ, if disputed, to be determined in the manner indicated.

The service of the summons could not properly be set aside for want of the facts authorizing the making of the order of publication, because the statute does not make the right to such order depend upon the truth of the allegations of the affidavit and complaint upon which it is based, but upon certain statutory requisites being complied with, namely, that the complaint shall be duly verified and filed, and that it, together with the affidavit, shall satisfy the court that a cause of action exists in which service of the summons may be properly made by publication, and that either one of several other things exists, one being that the defendant is not a resident of this state and has property therein. Secs. 2639, 2640, Stats. 1898; *Barth v. Burnham,* 105 Wis. 555, 81 N. W. 809. There is no question but that all those requisites were complied with here. Therefore, if it be not true, as claimed, that

the property mentioned in the complaint and affidavit for the order of publication belonged to defendants, that constitutes no sufficient ground for setting aside the service of the summons because the order therefor was improperly granted.

The point is made that sec. 2736, Stats. 1898, requires the writ of attachment and undertaking and inventory in attachment proceedings to be served on the defendant, and that a failure so to do renders the proceedings void. There are several sufficient answers to that. First, failure to make proper service of the attachment papers only goes to the validity of the attachment, not to the validity of the writ. Second, if that were otherwise, and there were no proper service of the attachment papers, it would not affect the service of the summons, because seizure of property under a writ of attachment is not necessary to the jurisdiction of the court over the same or authority for service of the summons upon the defendant by publication. It is sufficient if it be made to appear by the complaint or the affidavit for the order of publication that the defendant has property in this state which can be reached by proceedings to enforce the judgment in case one is rendered. The statutory requisites for an order of service by publication do not include seizure of property or any use of the provisional remedy by attachment proceedings. Attention has been many times called to that by this court, though a seizure of property is commonly supposed to be necessary because that method of proceeding is the usual and probably the only one to efficiently guard the interests of the plaintiff. *Jarvis v. Barrett,* 14 Wis. 591; *Winner v. Fitzgerald,* 19 Wis. 393; *Jones v. Spencer,* 15 Wis. 583; *Witt v. Meyer,* 69 Wis. 595, 35 N. W. 25. Third, service of the attachment papers on the defendant is not required where he is not a resident of this state.

The further point is made that service of the summons was not made within a reasonable time after the execution of the writ of attachment, and that the delay is a sufficient

ground for setting aside the attachment. The rule invoked does not apply to this case: First, because there was no unreasonable delay; and second, because the motion here was not to set aside the attachment, but to set aside the writ of attachment and the service of the summons.

Appellants' counsel next claim that property of the defendants in the hands of the plaintiffs could not be seized on a writ of attachment. If that were so it would be good ground for discharging the attachment, but not for setting aside the writ of attachment. But it is not so. A writ of attachment issues generally against the property of the defendant, not exempt from execution, and may be executed by seizing any of such property wherever found within the county of the officer having the writ. Sec. 2736, Stats. 1898, expressly so provides.

Next the claim is made that the service of the summons should have been set aside because the affidavit upon which the order of publication was made did not show that plaintiff was unable, with due diligence, to make service of the summons upon the defendants. That is based upon the fact that it appears by the affidavit that the efforts made to obtain service of the summons upon the defendants within this state were confined to delivering the summons to the sheriff with directions to serve the same, and that he returned that he was unable to make such service, the return being dated fifteen days before the making of the affidavit. Counsel rely on *Roosevelt v. Land & R. Co.* 108 Wis. 653, 84 N. W. 157, and *Rockman v. Ackerman,* 109 Wis. 642, 85 N. W. 491. Those cases are not in point. The circumstance in each, which was deemed vital to the order of publication, was the lapse of a considerable length of time between the making of the affidavit for the order of publication and the granting of the order, not, as here, between the making of the return of the sheriff upon the summons, showing his inability to serve the same upon the defendant, and the making of the affidavit.

The affidavit here was made but one day before the granting of the order. It followed the language of the statute. It stated, independently of all other matters, that the plaintiffs were unable with due diligence to make service of the summons in the action upon the defendants. There was the further statement that neither of the defendants could be found within the state of Wisconsin, although diligent effort to that end and to serve the summons upon them had been made, as shown by the return of the sheriff of Milwaukee county, Wisconsin, indorsed upon the summons and filed in the action. We find nothing in the cases to which counsel refer, calling for a decision that such an affidavit, made one day before the application for an order for service by publication, is, as a matter of law, insufficient therefor.

The further point is made by counsel for appellants, that the attachment was void because the property was left with one of the plaintiffs as bailee. To that counsel cite *Mahon v. Kennedy,* 87 Wis. 50–52, 57 N. W. 1108. The facts there were substantially as follows: The officer did not take the property into his possession at all. He made a verbal arrangement with the plaintiff to the effect that the property should be considered as levied upon and left in his hands as receiptor. The property was not at hand, nor was it then or at any time thereafter actually in the possession of the plaintiff or of the officer. There was no actual change in the custody thereof. Subsequently the same was seized by another officer under a valid writ against the owner thereof. The court held that the last attachment took precedence over the proceedings under the first writ, not because the property was left with the plaintiff after having been taken possession of under the writ, but because there was no seizure thereof or change of possession at all. This is the language of the opinion relied upon: "It is not competent to deliver it (the attached property) to the plaintiff in the attachment, nor to make him receiptor," citing Drake, Attachm. § 290. There

was no call in the facts for that expression. It is not supported by the citation upon which it is based as the same should be understood. Such citation is based on *Vanneter v. Crossman,* 39 Mich. 610, which is to the effect that an officer has no right, after having seized property under a writ of attachment by directions of the plaintiff, to thereafter surrender control thereof to the latter pending the litigation, upon his discovering that such property is his own and plaintiff's demanding possession thereof. The expression in *Mahon v. Kennedy,* so far as it conveys the idea that making a plaintiff receiptor for the sheriff, of property in his possession, under a writ of attachment in the action, is fatal to the attachment, must be withdrawn. There was no such question involved in *Vanneter v. Crossman.* It was in effect there held, and was expressly stated in Drake, Attachm. § 290, that the delivery of the property to the plaintiff under the circumstances there involved did not constitute good ground for a vacation of the attachment. An officer, after having dispossessed a defendant of property under a writ of attachment against him, may, without affecting the continued lien of the attachment, make the plaintiff his bailor to take care of the property temporarily.

What has been said covers all points presented that seem worthy of special mention.

*By the Court.*—The judgment is affirmed.