ROLLINS, Respondent, vs. MAXWELL BROTHERS COMPANY, Appellant.

*January 12—January 30, 1906.*

*Service of process: Publication of summons: Foreign corporations.*

It appeared, among other things, that defendant was a foreign cor-
poration and had fully complied with the requirements of sec.
1770*b*, Stats. 1898; that it had within this state real property
which had been attached in this action, and that a cause of ac-
tion existed in favor of the plaintiff and against the defendant
which arose within this state. Plaintiff attempted to justify a
judgment in his favor based on an order of publication of the
summons and personal service outside the state. *Held:*

(1) The summons and complaint might have been served on
the secretary of state as prescribed in sec. 1770*b* and subd. 13,
sec. 2637, Stats. 1898.

(2) A showing that the summons and complaint had been
delivered to a constable for service on the defendant, and that
-after diligent search he was unable to find the defendant within

the state or any agent thereof on whom service could be made, does not, in such case, comply with the provisions of sec. 2640, Stats. 1898 (requiring, among other things, as a prerequisite to a valid order for publication of summons, that it must appear by affidavit that plaintiff is unable, with due diligence, to make service of the summons upon the defendant in respect to whom such order is applied for).

(3) There being no presumption of the existence of facts essential to give jurisdiction, and no valid order of publication, the court should have dismissed the action for want of jurisdiction.

APPEAL from a judgment of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Reversed.*

This action was brought to recover $832.87, the alleged balance due on account of goods, wares, and merchandise sold and delivered by the plaintiff to the defendant (a corporation organized and existing under and by virtue of the laws of Illinois), at its instance and request, between December 17, 1902, and May 24, 1904. The complaint alleged a demand of payment and refusal to pay, and the same was duly verified October 12, 1904, and with the summons attached was filed in the clerk's office October 13, 1904. On the same day there was filed in that office the writ of attachment and the affidavit and undertaking for the same, and the sheriff's return to the effect that he had attached the defendant's real estate described, on that day, and the sheriff further returned that after diligent search and inquiry he was unable to find the defendant or any agent thereof on whom to make service of such writ, affidavit, and undertaking, and further that he was informed and believed that the defendant was a foreign corporation, having its principal office in Chicago, and had no agent within this state on whom such service could be made. October 14, 1904, one Nelson, an acting constable, made an affidavit to the effect that the summons and complaint had been delivered to him for service on the defendant; that after diligent search he was unable to find the defendant within the

state, or any agent thereof on whom service could be made; and that the defendant had its principal office in Chicago and received its mail at Hinman and Laflin streets, Chicago. The plaintiff made his affidavit October 17, 1904, to the effect that the summons, a copy of which was attached, had been issued; that the plaintiff's complaint was duly verified and on file with the clerk of the court; that a cause of action existed in favor of the plaintiff and against the defendant; that the defendant was a foreign corporation having property within the state; that the cause of action arose therein; that the court had jurisdiction of the subject of the action, which was to recover the value of goods, wares, and merchandise, as stated; that the defendant's real estate had been attached; that the plaintiff was well acquainted with the defendant, which was a foreign corporation having its principal office in Chicago, and received its mail at the streets named; and that such affidavit was made for the purpose of obtaining an order of publication for the service of the summons on the defendant. Upon the summons and complaint and the record in the action and the said affidavits of Nelson and the plaintiff, an order was obtained from a circuit court commissioner, October 17, 1904, for the service of the summons, thereto annexed, upon the defendant by publication thereof in a weekly newspaper therein named, once in each week for six weeks successively as therein mentioned, and that copies of the summons and complaint be sent to the defendant by mail as therein directed, or, at the plaintiff's option, copies thereof be delivered to the defendant personally without the state, which, when done, should have the same effect as a completed publication and mailing. October 26, 1904, an affidavit was made by one Higgins, a resident of Chicago, to the effect that on October 24, 1904, at Chicago, he personally served the summons and complaint in said action and thereto annexed on the defendant, a corporation, by then and there delivering to H. B. Maxwell, the vice-president and treasurer thereof, and leaving with him, true

copies thereof, and that he knew the said Maxwell so served to be such vice-president and treasurer of such corporation mentioned and described therein; that such affidavits of Nelson and the plaintiff and such order of publication and affidavit of Higgins were not filed in court until November 28, 1904. November 11, 1904, the defendant's attorneys appeared specially and gave notice to the plaintiff's attorney that upon all the records, files, and papers mentioned, and upon the affidavit of one of the defendant's attorneys, stating some of the facts mentioned, and, among other things, that as early as October 23, 1903, the defendant as such foreign corporation fully complied with all the requirements of sec. 1770$b$, Stats. 1898, the court would be moved November 28, 1904, for an order setting aside and vacating such writ of attachment and service thereof and the service of summons and complaint and that the action be dismissed for want of jurisdiction. Upon the hearing of that motion the same was denied by the court November 30, 1904. Upon an affidavit of the plaintiff's attorney of the defendant's default, and that the defendant had not appeared in the cause except specially for such motion, which was denied as stated, the court on December 12, 1904, ordered that the said cause and all issues of law and fact therein be referred to the reporter of the court to hear, try, and determine, and report according to law and the rules and practice of the court, and such reference was therein made compulsory. Thereupon said reporter, after hearing the cause, made findings of fact and conclusions of law as claimed by the plaintiff, and the same were confirmed by order of the court April 10, 1905, and judgment was thereupon ordered in favor of the plaintiff for the amount stated accordingly. From the judgment so entered June 14, 1904, the defendant appeals.

For the appellant there was a brief by *Barry & Barry*, and oral argument by *M. Barry*.

*J. W. Hicks*, for the respondent.

CASSODAY, C. J. This action is to recover the balance due on the purchase price for goods sold and delivered by the plaintiff to the defendant, a foreign corporation having its principal office in Chicago. The question presented relates to the service of process on the defendant. Our statutes provide that the summons and accompanying complaint may be served upon corporations generally with the same "effect as personal service on natural persons, by delivering" copies thereof to the officers or persons therein named, and also upon such foreign corporations by delivering the same "to any such officer being within the state, or to any agent having charge or of conducting any business therefor in this state, or any trustee or assignee of such corporation, or upon the secretary of state, as provided in sec. 1770b. But such service can be made upon a foreign corporation only either when it has property within the state or the cause of action arose therein, or the cause of action exists in favor of a resident of the state, and upon the secretary of state only when the cause of action arises out of business transacted in this state or when the defendant has property therein." Sec. 2637, Stats. 1898. It appears from the record, and is undisputed, that the defendant, as such foreign corporation, had fully complied with the requirements of sec. 1770b as early as October 23, 1903. Since it appears from the affidavits and papers upon which the order of publication is based that at the times mentioned in the foregoing statement the defendant was such foreign corporation, having within this state real property which had been attached in this action, and that the cause of action existed in favor of the plaintiff and against the defendant and arose within this state, it is very obvious that the summons and complaint might have been served upon the secretary of state, as prescribed in said sec. 1770b. But there is no claim that the summons or the summons and complaint were so served on the secretary of state. On the contrary, the action of the trial court is based upon the order of publication made October 17, 1904,

and the personal service of the summons and complaint on the defendant's vice-president and treasurer in Chicago, October 24, 1904, which, when done, as prescribed in the order of publication, was to "have the same effect as a completed publication and mailing." Of course, such personal service outside the state had no greater or other effect than completed publication and mailing would have had. *Manning v. Heady,* 64 Wis. 630, 25 N. W. 1. In other words, "personal service of the summons and complant outside of the state will not give jurisdiction if no valid order for service was made." *Oelbermann v. Ide,* 93 Wis. 669, 68 N. W. 393; *Roosevelt v. Land & River Co.* 108 Wis. 653, 84 N. W. 157; *Rockman v. Ackerman,* 109 Wis. 639, 85 N. W. 491. The affidavits and papers upon which the order of publication was based certainly fail to show that the summons and complaint could not have been served upon the secretary of state as prescribed in sec. 1770*b,* and subd. 13, sec. 2637, Stats. 1898.

The question recurs whether such affidavit and papers stated facts sufficient to authorize such order of publication. The statute declares that:

"Service of the summons may be made without the state or by publication upon a defendant against whom a cause of action appears to exist . . . on obtaining an order therefor as provided in the next following section, in either of the following cases: (1) When such defendant is a nonresident of this state or his residence is unknown, or is a foreign corporation, and the defendant has property within the state, or the cause of action arose therein, and the court has jurisdiction of the subject of the action, whether the action be founded on contract or tort." Sec. 2639.

"The next following section," therein mentioned, declares that:

"The order mentioned in the preceding section shall be made by the court or judge thereof. The application therefor shall be based upon the complaint, duly verified and filed, and an affidavit, together showing the *facts required to exist and*

*that the plaintiff is unable, with due diligence, to make service of the summons upon the defendant in respect to whom such order is applied for."* Sec. 2640.

This section requires that the application for such order must show "the facts required to exist and that the plaintiff is unable, with due diligence, to make service of the summons upon the defendant in respect to whom such order is applied for." This court has held that "such facts must be shown to exist at the time the order is made." *Roosevelt v. Land & River Co.* 108 Wis. 653, 658, 84 N. W. 157. The extent of the showing made on such application in the case at bar is "that the summons and complaint herein were delivered to" the constable "for service on said defendant, and that after diligent search he" was "unable to find the defendant within the state or any agent thereof on whom service" could "be made." Such showing did not satisfy the requirements of the statutes quoted. A valid order of publication was essential to the validity of the judgment against the defendant. *Frisk v. Reigelman,* 75 Wis. 499, 43 N. W. 1117, 44 N. W. 766; *Beaupre v. Brigham,* 79 Wis. 436, 48 N. W. 596. There is no presumption of the existence of facts essential to give jurisdiction in such a case. *Roosevelt v. Land & River Co., supra.* The trial court should have granted the application of the defendant and dismissed the action for want of jurisdiction.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with direction to dismiss the action.